UNION PACIFIC RAILWAY COMPANY v. J. J. PORTER.

FILED NOVEMBER 8, 1893.　No. 4948.

1. **Negligence** as ground of recovery or defense is a question of fact to be submitted to the jury upon the evidence as is any other question of fact.

2. **Railroad Companies:** PASSENGERS: PERSONAL INJURIES: PRESUMPTION OF NEGLIGENCE: NOTICE OF RULES. Under the provisions of sec. 3, art. 1, ch. 72, Comp. Stats., it is only necessary to a right of recovery against a railroad company to show that the person injured was at the time being transported as a passenger over the defendant's line of railroad, and that the injury resulted from the management or operation of said railroad. A presumption thereupon arises that such management or operation was negligent, and it can be met only by showing that the injury arose from the criminal negligence of the party injured, or that the injury complained of was the result of the violation of some express rule or regulation of said railroad company, actually brought to the notice of the party injured.

ERROR from the district court of Buffalo county. Tried below before HAMER, J.

The opinion contains a statement of the case.

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error:

The plaintiff below was negligent in not getting off the car while he could safely do so. (*Raben v. Central Ia. R. Co.,* 35 N. W. Rep. [Ia.], 64, and cases cited.)

Plaintiff below was negligent in that, finding the train in motion and going faster than he expected, he stepped from the car onto the platform. Such negligence must bar his recovery in this action. (*Thomas v. Chicago & G. T. R. Co.,* 49 N. W. Rep. [Mich.], 547; *Lake Shore & M. S. R. Co. v. Bangs,* 47 Mich., 470; Shearman & Redfield, Negligence [4th ed.], secs. 87, 91 ; *Filer v. New York C. R.*

*Co.,* 49 N. Y., 55; *Lindsey v. Chicago, R. I. & P. R. Co.,* 20 N. W. Rep. [Ia.], 737; *Kilpatrick v. Pennsylvania R. Co.,* 21 Atl. Rep. [Pa.], 408; Patterson, Railroad Accident Law, p. 72; 2 Am. & Eng. Ency. Law, pp. 762, 763; *Burrows v. Erie R. Co.,* 63 N. Y., 556; *Secor v. Toledo, P. & W. R. Co.,* 10 Fed. Rep., 15; *Ohio & M. R. Co. v. Stratton,* 78 Ill., 88; *Illinois C. R. Co. v. Slatton,* 54 Ill., 137; *Chicago & A. R. Co. v. Randolph,* 53 Ill., 510; *Chicago & N. W. R. Co. v. Scates,* 90 Ill., 586; *Jewell v. Chicago, St. P. & M. R. Co.,* 54 Wis., 610; *Pennsylvania R. Co. v. Aspell,* 23 Pa. St., 147; *Hickey v. Boston & L. R. Co.,* 14 Allen [Mass.], 429; *Davis v. Chicago & N. W. R. Co.,* 18 Wis., 185; *Houston & T. C. R. Co. v. Leslie,* 57 Tex., 83–87; *Reibel v. Cincinnati, I. & St. L. & C. R. Co.,* 17 N. E. Rep. [Ind.], 107; *Illinois C. R. Co. v. Chambers,* 71 Ill., 521; *Illinois C. R. Co. v. Lutz,* 84 Ill., 598; *Morrison v. Erie R. Co.,* 56 N. Y., 302.)

The first instruction given by the court upon its own motion was erroneous. The court assumed that it was sustained by sec. 3, art. 1, ch. 72, Comp. Stats. This statute was originally passed and took effect June 22, 1867. The Union Pacific charter was passed and approved July 1, 1862. Upon the organization and creation of this corporation in 1862, its rights became vested. One cannot conceive of a more important right than that of being protected against any negligence of passengers, when the injury has arisen in a case where the law will not pronounce the corporation itself negligent, or in a case where the negligence of the plaintiff himself contributed to the injury which has, in part, resulted from the negligence of the corporation. The legislature cannot deprive a person or a corporation of a vested right to an existing, material defense. (*Maguiar v. Henry,* 84 Ky., 1; Cooley, Constitutional Limitations [4th ed.], 458; Wharton, Law of Negligence, sec. 421; *Parrot v. Wells, Fargo & Co.,* 15 Wall. [U. S.], 524–538; *Harvey v. Dunlop,* Hill & Denio Supp. [N. Y.], 193.)

Said section 3 is capable of a construction which will harmonize with the well-established rules of common law. The words " as at common law " should be interpolated so that the section would read, " Every railroad company as aforesaid shall be liable as at common law for all damages inflicted upon the person of passengers." Otherwise the legislature must be considered as seeking by adverse legislation to control rights vested in the railroad company under its charter from the government in 1862. (Cooley, Constitutional Law, pp. 74, 76; *Shreveport v. Cole*, 129 U. S., 36; Wharton, Law of Negligence, sec. 44; Sutherland, Statutory Construction, secs. 237, 241; Sedgwick, Statutory & Constitutional Law, p. 50; *Nazro v. Merchants Mutual Ins. Co.*, 14 Wis., 319.)

But if the statute is to be construed as making the company the insurer and the passenger the insured under a non-lapsing policy, premium paid in advance, against almost any injury, though wholly resulting from his own non-criminal negligence, it is in violation of that principle which lies outside of and beyond all written constitutions, and was passed in disregard of fundamental principles of law and justice which it has been held no legislative body can override, even though not prohibited by the written constitution. (*Durkee v. Janesville*, 28 Wis., 464–467; *Calder v. Bull*, 3 Dallas [U. S.], 387–8; *Fletcher v. Peck*, 6 Cranch [U. S.], 143; *Wilkinson v. Leland*, 2 Pet. [U. S.], 656–8; *Terrett v. Taylor*, 9 Cranch [U. S], 50; *Varick v. Smith*, 5 Paige [N. Y.], 159; *Cincinnati W. & Z. R. Co. v. Commissioners of Clinton County*, 1 O. St., 86; *Cass v. Dillon*, 2 O. St., 628; *Bank of the State v. Cooper*, 2 Yerg. [Tenn.], 603; *Lewis v. Webb*, 3 Greenl. [Me.], 336; *Hughes v. Fond du Lac*, 73 Wis., 382; Tiedeman, Limitations of Police Powers, 598–9; *Ohio & M. R. Co. v. Lackey*, 78 Ill., 55; *Savings Bank v. Ward*, 100 U. S., 204.)

Said statute is in violation of sec. 13, art. 1, of the con-

stitution, providing that "all courts shall be open, and every person, for any injury done him in his lands, goods, person, or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." It discriminates as to both plaintiff and defendant. (*Hincks v. City of Milwaukee*, 46 Wis., 559; *Hughes v. Fond du Lac*, 73 Wis., 380; *Park v. Detroit Free Press Co.*, 40 N. W. Rep. [Mich.], 731; *Potter v. Chicago & N. W. R. Co.*, 21 Wis., 377; *City of Lincoln v. Gillilan*, 18 Neb., 114; *Bull v. Conroe*, 13 Wis., 260; *Holden v. James*, 11 Mass., 396; *Picquet, Appellant*, 5 Pick. [Mass.], 65; *Durham v. Lewiston*, 4 Greenl. [Me.], 140; *Budd v. State*, 3 Humph. [Tenn.], 483; *Wally v. Kennedy*, 2 Yerg. [Tenn.], 554; *Bank of the State v. Cooper*, 2 Yerg. [Tenn.], 599; *Tate v. Bell*, 4 Yerg. [Tenn.], 202; *Officer v. Young*, 5 Yerg. [Tenn.], 320; *Jones v. Perry*, 10 Yerg. [Tenn.], 59; *Simonds v. Simonds*, 103 Mass., 572; *State v. Bartlett*, 35 Wis., 287; *Johnson v. Waukesha County*, 64 Wis., 281; *Daly v. State*, 13 Lea [Tenn.], 228; *In re Frazie*, 63 Mich., 396; *Waite v. Garston*, L. R., 3 Q. B. [Eng.], 5; *Mayor of Alexandria v. Dearmon*, 2 Sneed [Tenn.], 121; *Burkholtz v. State*, 16 Lea [Tenn.], 71; *Woodard v. Brien*, 14 Lea [Tenn.], 520; *City of Memphis v. Fisher*, 9 Bax. [Tenn.], 229; *State v. Duffy*, 7 Nev., 349; *Griffin v. Cunningham*, 20 Gratt. [Va.], 31; *Dorsey v. Dorsey*, 37 Md., 64; *Lawson v. Jeffries*, 47 Miss., 686; *Wilder v. Chicago & W. M. R. Co.*, 70 Mich., 382; *Trustees of Internal Improvement Fund v. Bailey*, 10 Fla., 238; *Arnold v. Kelley*, 5 W. Va., 446; *Atchison & N. R. Co. v. Baty*, 6 Neb., 37.)

The statute is also in violation of sec. 3, art. 1, of the constitution, providing: "No person shall be deprived of life, liberty, or property without due process of law." (*Chaddock v. Day*, 42 N. W. Rep. [Mich.], 977; *Murray v. Hoboken Land & Imp. Co.*, 18 How. [U. S.], 276; *Davidson v. New Orleans*, 96 U. S., 97; *Hurtado v. California*, 110 U. S., 516; *Loan Association v. Topeka*, 20 Wall.

[U. S.], 622; *Turner v. Althaus,* 6 Neb., 54; *Good v. Zercher,* 12 O., 367; *Norman v. Heist,* 5 W. & S. [Pa.], 171; *Denny v. Mattoon,* 2 Allen [Mass.], 361; *Greenough v. Greenough,* 11 Pa. St., 494; *In re Albany Street,* 11 Wend. [N. Y.], 149; *Zeigler v. South & N. A. R. R. Co.,* 58 Ala., 595; *New Orleans & N. E. R. Co. v. Borgeois,* 66 Miss., 3; *Cottrel v. Union P. R. Co.,* 21 Pac. Rep. [Idaho], 416; *Minneapolis & St. L. R. Co. v. Beckwith,* 9 Sup. Ct. Rep. [U. S.], 207; *Cairo & F. R. Co. v. Parks,* 32 Ark., 131; *Bielenberg v. Montana U. R. Co.,* 20 Pac. Rep. [Mont.], 314; *Jensen v. Union P. R. Co.,* 21 Pac. Rep. [Utah], 994; *East Kingston v. Towle,* 48 N. H., 57; *Oregon R. & N. Co. v. Smalley,* 23 Pac. Rep. [Wash.], 1008; *Sullivan v. Oregon R. & M. Co.,* 24 Pac. Rep., [Ore.], 408; *Rorer,* Railroads, 575; *Alabama G. S. R. Co. v. McAlpine,* 75 Ala., 113; *In re City of Buffalo,* 68 N. Y., 173; *Nashville C. & St. L. R. Co. v. Hembree,* 5 So. Rep. [Ala.], 175.)

*Thompson & Oldham, contra:*

If a railroad train stops at a place where there is no platform for the use of passengers in getting on and off trains, the company's employes should assist them in getting off and on or should notify them to alight, and in not so doing they are guilty of negligence. (*Memphis & C. R. Co. v. Whitfield,* 44 Miss., 466.)

The instructions were not erroneous. (Sec. 3, art. 1, ch. 72, Comp. Stats.; *Omaha & R. V. R. Co. v. Chollette,* 33 Neb., 143.)

Ryan, C.

The amended petition in this case alleged the corporate existence of the Union Pacific Railway Company, and that it was operating a line of railroad through Kearney, Nebraska, at the time of the injuries complained of; that on April 29, 1890, plaintiff in said petition purchased a ticket entitling him as a passenger to be transported upon

one of the trains of said railroad company from Grand Island, Nebraska, to the aforesaid station of Kearney on said railway company's line of railroad; that when the train upon which plaintiff had ridden from Grand Island reached Kearney, it was stopped before the car on which plaintiff was located, or any part of the train, had reached the station house or platform of said railway company; that thereupon plaintiff passed out of said car to the platform thereof to alight, thinking he was at the station and platform of the defendant, but finding that said train and coach on which plaintiff stood had not yet arrived at said station and platform, but that said coach was over 300 feet from said platform of the station, and the engine of the defendant was taking water, as plaintiff believed, and there being no platform or place to alight from said car opposite the same, and it being in the night-time and dark, and there being a wind-mill, engine-house, mail catcher, and water tank between where plaintiff then was and the east end of the platform, and plaintiff not being notified by defendant's servants to alight there, plaintiff, standing on the lower step of the car, waited for defendant to pull its train up to said platform and station house so that he might with safety alight from said coach; that said train moved up to the platform but did not stop thereat, and when the coach on which plaintiff stood was opposite said platform, and while said train was moving slowly by said platform, plaintiff believing it was safe to alight therefrom, and being suddenly convinced that defendant was not going to stop its train at said platform, stepped from the lower step of said car upon said platform, and in doing so plaintiff fell on said platform, and in so doing two bones of his leg were broken as a result of said accident. Plaintiff by further averments negatived the existence of any negligence on his own part causing or conducing to the accident and injury aforesaid, and having alleged pain and suffering and disability to practice his vocation as a physician for a

long time, and that permanent disability had been caused him by the aforesaid accident and injury, the plaintiff prayed judgment for $1,999.99 and costs.

The answer admitted the corporate existence of the defendant, and that at the time of the alleged injury it was operating a railroad, and *seriatim* denied each averment in the plaintiff's petition contained, and alleged that whatever injury plaintiff had suffered was due wholly to his own negligence. There was a reply in denial of all allegations of the answer inconsistent with the averments of the petition.

Upon a trial a verdict was returned in favor of the plaintiff for the sum of $1,314.49; and, a motion for a new trial having been overruled, judgment was duly rendered for the amount of said verdict.

There was but little evidence as to the manner of the accident, except such as was given by the plaintiff himself. Such evidence as there was, however, is found fully epitomized in the petition above described, and therefore requires no repetition. There was evidence, furthermore, that the railroad train which carried plaintiff from Grand Island to Kearney made no stop at the water tank at the latter place, but that the stop which plaintiff believed was at the water tank was, in fact, made so as to allow the baggage to be unloaded from the baggage car in said train, directly opposite the baggage room of Kearney station. There was undisputed evidence also that the train extended from the baggage coach aforesaid to quite a distance east of the east end of the platform at the Kearney depot, and that the car step upon which plaintiff was standing during the halt of the train was some distance east of the platform and incline at said station. There was a cinder walk along the track opposite to where plaintiff stood during the halt made by the train, upon which walk it would have been possible and safe for plaintiff to have walked to the Kearney depot, had he so chosen to have done. The time at which the

train reached Kearney was about 3 o'clock in the morning, and the sky was clear. There were no lights nearer where plaintiff found himself when the train halted than the depot, where there was a lantern opposite the passenger waiting-room door. The railway company, as plaintiff in error, insists that the defendant in error was negligent in not availing himself of the cinder walk as a means of reaching the depot platform, and that his alighting upon said platform from a moving train was negligence of itself, such as should avoid the verdict. The existence of negligence, as justifying or defeating a right of recovery, is for the jury to determine as it determines any other question of fact. If the jury find negligence as against the defendant, such as to justify a recovery, or find contributory negligence such that a recovery cannot be had, such finding must stand, unless it has no support in the evidence considered, just as must any other essential finding of fact. It is useless, therefore, to urge that the presiding judge is the proper trier of questions of this kind, and that as to such he should find the presence or absence of negligence upon the weight of the testimony, or instruct the jury to find its presence or absence according as a given fact or group of facts shall be proved or disproved. The court can but state to the jury the law applicable to the facts in respect to which evidence has been introduced. It thereupon remains with the jury to determine the existence of the essential facts. If there is no evidence such as the jury should act upon in its province, the court should instruct accordingly, or set aside the verdict as unsupported by the proofs. The court, therefore, properly refused to instruct as requested by the defendant.

The facts were submitted for the determination of the jury solely upon the following instructions:

"First—The defendant company undertook to carry the plaintiff from Grand Island to Kearney. If the plaintiff was injured during the journey the defendant company is

liable for the actual damages which he sustained, unless the injury done arose from the negligence of the plaintiff.

"Second—It was the duty of the company to notify the plaintiff that he was approaching his destination. It is claimed by the plaintiff that the train stopped before it reached the platform at the depot. This is denied by the defendant. The court charges the jury that it was the duty of the company to cause its train to be pulled up to the depot platform, so that the passengers might alight upon said platform with convenience and safety; but it was not incumbent upon the company to build a platform as long as its train, nor to pull up each car so that it was abreast of the platform. If the railway company furnished to the plaintiff at Kearney such facilities as it had for leaving the train, and the length of the platform available for that purpose was used by the company in unloading its passengers, and the same was reasonably adequate for that purpose, it ought not in that particular be required to do more.

"Third—If the plaintiff, without fully realizing what he did and without time or opportunity to consider the natural consequences of his act, suddenly jumped from the train, and he was caused to do so by haste and a confusion of ideas as to what was right and proper under the circumstances, and such haste and confusion were the direct results of the conduct of the defendant's agent in not sufficiently notifying the plaintiff as to his whereabouts when the train stopped, you will inquire and determine whether the company was negligent, and whether the injury resulted from the company's negligence; and if you further find that the plaintiff in jumping from the train exercised the care, prudence, and intelligence of an ordinary person placed in like circumstances, and was excusable for leaving the train in the manner shown, you will find for the plaintiff. At the same time, if it was not the fault of the company that the plaintiff was mistaken as to the location of the train, if he was mistaken, or if the plaintiff, exercising

ordinary care and prudence, could not have been so mis-
taken, if he was mistaken, or if plaintiff's haste and con-
fusion, if any, were not due to the misconduct of defend-
ant's agent in running the train, then plaintiff cannot
recover.

"Fourth—If you find for the plaintiff, you will be
careful to allow him only the actual damage which he has
sustained, and no more; and you will remember that the
burden of proof is upon the plaintiff, and unless he estab-
lishes his case by a preponderance of evidence, you will
find for the defendant."

The greater part of the argument of plaintiff in error
is devoted to the first instruction, which was, in effect, that
as the defendant company had undertaken to carry plaintiff
from Grand Island to Kearney, if plaintiff was injured
during the journey the defendant company was liable for
the actual damages which he sustained, unless the injury
done arose from the negligence of the plaintiff.    Plaintiff
in error insists that this requires the railroad company in
all cases to become an insurer of the safety of its passengers.
Perhaps there is some hidden meaning in this term, and
that by conceding the position claimed, we might admit
more than we would be willing to, if the same proposition
was stated in other language.    We desire that there shall
be no uncertainty as to our views.    Section 3, art. 1, ch.
72, Comp. Stats., is in the following language:  "Every
railroad company as aforesaid shall be liable for all dam-
ages inflicted upon the person of passengers while being
transported over its road, except in cases where the injury
done arises from the criminal negligence of the persons in-
jured, or when the injury complained of shall be the vio-
lation of some express rule or regulation of said railroad,
actually brought to his or her notice."

In the case of the Omaha & R. V. R. Co. v. Chollette,
33 Neb., 143, the following instruction was approved by
this court:  "The term 'criminal negligence,' as it is used in

the statute above quoted, is defined to be gross negligence. It is such negligence as would amount to a flagrant and reckless disregard of our own safety, and amount to a willful indifference to the injury liable to follow." Counsel for plaintiff in error insist that this provision is unconstitutional and violative of the rights of railroad companies in actions such as the one at bar. It is not believed that this statute is unconstitutional; and, as to its being unjust in its operation, the remedy lies with the legislature. We find it existing as a statute, and know of no reason why by judicial legislation or consideration it should be abrogated or modified. The rule laid down by the court in the first instruction was correct, as far as it went, for the statute makes liable a railroad company for any injury sustained by a passenger being transported over its line of road, which injury results from the operation or management of the train, unless the railroad company can show that the injury complained of was one which resulted from a violation of some express rule or regulation of the railroad company, actually brought home to the notice of the passenger; or, that the passenger was guilty of such negligence as would amount to a flagrant and reckless disregard of his own safety, and a willful indifference to the injury liable to follow his conduct. (*Missouri P. R. Co. v. Baier*, 37 Neb., 235.)

In the second instruction quoted we cannot find that the plaintiff in error had any ground of complaint. If the verdict had been for the railroad company it might admit of grave doubt whether, as stated in the last sentence of the second instruction, the railroad company had done enough to exonerate itself from liability in that respect by showing it had furnished for the plaintiff all the facilities it had for leaving the train, and a platform reasonably adequate for the purpose of unloading passengers at said depot. A question might arise as to whether or not its facilities were all it should have had for unloading passen-

State, ex rel. Clark, v. School District.

gers. The fact that it did not have them might. be such negligence as would render the company liable for an injury caused by a failure, of the company to provide proper facilities.

The third instruction was confusing in its statements as to facts as to which it was assumed there was evidence. This confusion, however, was in its tendency rather hostile than otherwise to plaintiff's right of recovery.

The judgment of the district court is

AFFIRMED.·