CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v. MINNIE LANDAUER.

FILED MARCH 21, 1894.    No. 4885.

1. Carriers: NEGLIGENCE.  By the statutes of this state a common carrier is made an insurer of the safety of its passengers, except as against the gross negligence of such passenger, or his violation of some rule of the carrier brought to such passenger's notice.

2. Common carriers of passengers should be held to the strictest accountability and be required to exercise the highest degree of care and forethought of which the human mind is capable. This rule is founded on principles of public policy and enforced by the courts for the protection of the traveling public.

3. **Carriers:** PERSONAL INJURIES: CONTRIBUTORY NEGLIGENCE.
When the proof shows that one was a passenger of a common
carrier, and, while such passenger, was injured, the law raises the
presumption of the carrier's liability from the fact of the injury;
but this presumption is not a conclusive one; it is such a pre-
sumption as in the absence of all evidence as to the cause of the
passenger's injury, would render the carrier liable; and in such
case, when the carrier shows that the passenger was injured by
stepping from its running train, the presumption of liability
raised by law against the carrier is overthrown, and it then de-
volves upon the passenger to show some justifiable reason for
such action to relieve himself from the imputation of gross neg-
ligence; and the supposition or belief of the passenger that the
train was standing still when he took the step which injured
him, is not competent evidence from which the jury may find
that the passenger was not negligent, unless accompanied by
evidence tending to show circumstances rendering this supposi-
tion reasonable, or at least excusable, as, in the absence of such
evidence, no reasonable mind could honestly say that the pas-
senger was not guilty of gross negligence, and a verdict for such
passenger would be without evidence to sustain it.

4. The former opinion in this case, reported in 36 Neb., 642, ad-
hered to.

REHEARING of case reported in 36 Neb., 642.

*T. M. Marquett* and *J. W. Deweese,* for plaintiff in error.

*Leese & Stewart, contra.*

RAGAN, C.

Minnie Landauer sued the Chicago, Burlington &
Quincy Railroad Company for damages for an injury
which she alleges she sustained through that company's
negligence while a passenger on one of its trains. She had
a verdict and judgment in the district court, and the railway
company prosecuted a petition in error to this court, where
the judgment of the district court was reversed and the
cause remanded for a new trial. Miss Landauer's counsel
then filed a motion for a rehearing, suggesting, in effect,
that the judgment of reversal was erroneous because the

finding of the jury on which it was based had for its support competent evidence. On this suggestion, a rehearing was accordingly granted, and the cause has again been fully examined. The reported opinion of the case is *Chicago, B. & Q. R. Co. v. Landauer*, 36 Neb., 642.

By the statutes of the state, carriers of passengers are made insurers of their passenger's safety, and liable for all injuries sustained by such passengers, unless it be shown that the injuries were caused by the gross negligence of the person injured, or his violation of some rule of the carrier brought to such passenger's notice. On the trial of the case at bar the undisputed evidence showed that the railway company was a common carrier; that Miss Landauer was a passenger on one of its trains, and, while such passenger, was injured. In the absence of all further proof this would have entitled the passenger to damages, as the law presumes the carrier's liability from the fact of the passenger's injury; but this presumption is not a conclusive one; it is such a presumption as, in the absence of all evidence as to the cause of the injury, would render the carrier liable. After Miss Landauer had proved that the railroad company was a common carrier, that she was a passenger on its train, and that she was injured, the burden then fell to the carrier to show that her injury was the result of her gross negligence. The question then is, does the record show that the carrier made such proof? The undisputed evidence in the record is that the train on which Miss Landauer was a passenger stopped at the station where she was to alight; that after it had again started on its way she went out of the coach upon the platform in front thereof, stepped down on one of the steps of the car, and after the coach had passed the station platform, deliberately "stepped out into the air," and was injured. When the carrier made this proof, the presumption of liability raised against it by the law was overthrown, and it then devolved upon the passenger to show some reason for this conduct on her part

which justified her action and relieved her from the impu-
tation of gross negligence.   The only reason found in the
record for this conduct on the part of Miss Landauer is
her statement that at the time she " stepped into the air,"
she supposed the train was standing still; but such suppo-
sition on her part was not a competent fact to go to the
jury, from which they might say that by reason thereof her
act was not negligence, unless accompanied by evidence
tending to show circumstances rendering this supposition
reasonable, or at least excusable.   There is no word of evi-
dence in the record of any such explanation or attempted
explanation of this conduct on her part; and it is not pre-
tended but that her act of "stepping into the air," at the
time and place that she says she did, produced the injury
for which she now claims damage; and there is no evidence
in the record that Miss Landauer was caused or induced to
step from this moving train "into the air" by any act or
omission of the carrier or any of its servants.   Her coun-
sel, indeed, argue the case on the theory that the train did
not stop at the station a sufficient length of time to enable
their client to alight with safety.   The fallacy of this ar-
gument lies in the fact that there is no evidence in the
record which tends to show that the passenger was injured
by reason of any such cause, nor that, by reason of the
short length of time which the train stopped, she took the
step which injured her.

Counsel cite us to *Missouri P. R. Co. v. Baier,* 37 Neb.,
235, and *Union P. R. Co. v. Porter,* 38 Neb., 226, but
these cases have no application here.   In the Missouri Pa-
cific case a passenger was injured, and the attempt to show
that her injury occurred by reason of her negligence was a
complete failure.   In the Union Pacific case, the passenger
occupied a rear coach of the train.   The train stopped at
the station where the passenger was to alight, but the coach
on which he was riding was not stopped opposite the sta-
tion platform.   The passenger went out on the platform of

the car, supposing that the engine was taking water, and that the train would be pulled up and the coach on which he was riding stopped at the station platform so that he could alight. After the train had been put in motion, the passenger discovered that it was not going to stop, and thinking that he could step to the platform with safety, he did so, and was injured. The railway company argued that this stepping from the moving train to the platform at the time and place was gross negligence on the part of the passenger, but this court said that it was the duty of the railway company to stop its train so that the coach on which the passenger was riding would stop opposite the station platform, or, in default of that, the railway company was under obligation to notify the passenger that the train would not stop and afford him an opportunity to pass through the coaches in front of the one on which he was riding, and then to step to the platform. The railway company having done neither of these things, this court said that the jury might say whether, under the circumstances of the case, the passenger was guilty of negligence in stepping from the platform of the moving train at the time and place and under the circumstances which he did. We are entirely satisfied with the reasoning in both cases, and with the rule there laid down, and reaffirm these cases.

In the case at bar, if Miss Landauer had started from her seat in the coach after the train had stopped, and then it had started while she was in the act of stepping, or attempting to step, to the platform, such explanation of her conduct would have been evidence to go to the jury in justification of her conduct. If the train had been so crowded with passengers that Miss Landauer had not time to go from her seat in the coach to the steps of the car and step to the platform before the train started, that would have been evidence from which the jury might have excused her act. But Miss Landauer's supposition that the train was standing still when she took the step that she did, was not

competent evidence to authorize the jury to find she was not negligent, unless coupled with evidence tending to show that the carrier, its agents or servants, by some act or omission of theirs, induced in her mind such false supposition, or other evidence rendering such supposition reasonable. Suppose that when this train was on the prairie, running at the rate of forty miles an hour, that Miss Landauer had deliberately walked out to the steps of the coach and "stepped into the air" and been injured, and sued the carrier for damages. When she proved the facts that the railroad company was a common carrier; that she was a passenger on its train, and her injury, the presumption of the carrier's liability for the injury would then arise. The carrier then, by proving that she had gone out to the steps and "stepped into the air" at the time and place supposed, would have relieved itself of the presumption of liability cast on it by the law. Can it be said in the case supposed that Miss Landauer could relieve herself of this imputation of negligence by showing that at the time she took the supposed step that she believed, or that she supposed, that the train was standing still? Yet there is no difference in principle between the case supposed and that at bar. Common carriers of passengers should be held to the strictest accountability and be required to exercise the highest degree of care and forethought of which the human mind is capable, and this is the rule both at common law and under the statutes. It is a rule founded on principles of public policy and enforced by the courts for the protection of the traveling public; but when a passenger on a moving railway train deliberately steps from such train "into the air" and is injured, then such passenger, to relieve himself from the imputation of negligence, must offer some competent evidence in explanation of his conduct from which a jury may say that his conduct, under the circumstances, was not gross negligence or the carrier will not be held liable; and in the absence of such evidence, no reasonable mind could honestly

say that the passenger was not guilty of gross negligence, and a verdict for him would be without evidence to sustain it.    The judgment of the district court must stand

REVERSED.

POST, J., not sitting.