CLARK et al. v. RUSSELL.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1899.)

No. 1,200.

1. CARRIERS — LIABILITY FOR INJURY TO PASSENGERS — STATE STATUTE REGULATING.

The validity, under the constitution of Nebraska, of Comp. St. Neb. c. 72, § 3, providing that every railroad company "shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of said road ac-

tually brought to his or her notice," having been upheld by the supreme court of the state, such decisions are binding on the federal courts.[1]

**2.** SAME—ACTION TO ENFORCE STATUTORY LIABILITY—JURISDICTION.

Such statute is remedial, and not penal, in its nature, and gives a substantive right of action, which, when it has attached by reason of an injury received within the state, may be enforced in any court within or without the state having jurisdiction of the subject-matter and the parties, and in such action the statute furnishes the measure of the plaintiff's right, so far as its provisions extend.

**3.** SAME—CONSTITUTIONALITY OF STATUTE.

Such statute, although it makes a railroad company absolutely liable for an injury to a passenger who is without fault, irrespective of the company's negligence, is a valid exercise of legislative power, and not in violation of the constitution of the United States, as depriving the company of its property without due process of law, or denying to it the equal protection of the laws.

In Error to the Circuit Court of the United States for the District of Colorado.

Emma Russell, the defendant in error and plaintiff below, was a passenger on a train on the Union Pacific Railroad, which at the time was operated by S. H. H. Clark, E. Ellery Anderson, Oliver W. Mink, John W. Doane, and Frederick R. Coudert, as receivers, the plaintiffs in error and defendants below. The car in which she was riding was derailed while the train was in the state of Nebraska, and she received the personal injuries for which she brought this action in a state court in Colorado, from whence it was removed by the defendants into the United States circuit court for that district. She recovered judgment in the circuit court, and the defendants sued out this writ of error.

Willard Teller (H. M. Orahood, on the brief), for plaintiffs in error.

E. F. Richardson (T. M. Patterson and H. M. Hawkins, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court. The only error assigned which challenges our attention is that the circuit court erred in giving effect to a statute of Nebraska which reads as follows:

"Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." Comp. St. Neb. c. 72, § 3.

This statute was enacted in 1867, and has been enforced, and its constitutionality upheld, from that time up to the present, by a long line of decisions of the supreme court of that state. Chollette v. Railroad Co., 26 Neb. 159, 41 N. W. 1106, 4 L. R. A. 135; Railroad Co. v. Chollette, 33 Neb. 143, 49 N. W. 1114; Railway Co. v. Baier, 37 Neb. 235, 55 N. W. 913; Railway Co. v. Porter, 38 Neb. 226, 56 N. W. 808; Railroad Co. v. Hague, 48 Neb. 97, 66 N. W. 1000; Railroad Co. v. Landauer, 39 Neb. 803, 58 N. W. 434; Railway Co. v. Chollette, 41 Neb. 578, 59 N. W. 921; Railroad Co. v. Hedge, 44 Neb.

[1] State laws as rules of decision, see notes to Griffin v. Wheel Co., 9 C. C. A. 548, Wilson v. Perrin, 11 C. C. A. 71, and Hill v. Hite, 29 C. C. A. 553.

448, 62 N. W. 887; Railroad Co. v. French, 48 Neb. 638, 67 N. W. 472. These cases dispose of the contention that the act is repugnant to the constitution of the state. That is a question of state law, upon which the decision of the supreme court of the state is binding on all other courts.

It is next claimed that the right of action which accrued to the plaintiff under this statute in Nebraska cannot be asserted in the courts of any other jurisdiction. The contention is not sound. This is not a penal, but a remedial, statute, and the plaintiff's action is not for the recovery of a penalty, but for the recovery of compensation for an injury for which the statute gives the right of action. It is not a statute establishing a rule of evidence, but a statute giving a substantive right of action. It extends the common-law liability of carriers of passengers by rail, and augments the right of action of the injured passenger, in the exact proportion that the common-law liability of a railroad company is enhanced. The statute makes the railroad company absolutely liable for an injury to a passenger, "except in cases where the injury done arises from a criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." A passenger who sustains an injury on a railroad in Nebraska has an absolute right to recover for that injury, unless he comes within the exceptions of the statute. That right attaches at the moment of the injury, and adheres in it until satisfaction is made. The action is transitory, and may be asserted in any jurisdiction, and in whatever jurisdiction it is asserted the Nebraska statute furnishes the measure of the plaintiffs' right, so far as its provisions extend. In Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, the supreme court of the United States lays it down as a rule that "wherever, by either the common law or the statute law of a state, a right of action has become fixed, and a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties." Herrick v. Railway Co. (Minn.) 16 N. W. 413; Railroad Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; First Nat. Bank v. Weidenbeck (decided at the present term) 97 Fed. 896; Railroad Co. v. Mase's Adm'x, 27 U. S. App. 238, 11 C. C. A. 63, and 63 Fed. 114.

A further contention of the plaintiffs in error is that the statute violates the fifth and fourteenth amendments of the constitution of the United States, in that it deprives the railroad company of its property "without due process of law," and denies to it the equal protection of the laws. The fifth amendment has no application to the states, and in no way affects their powers. In all jurisdictions inferior to the supreme court, we think it must be regarded as settled for the present that statutes imposing an additional, or even absolute, liability on railroads for injuries to passengers or property are not repugnant to the constitution of the United States. A statute of Missouri made every railroad company operating a railroad in that state absolutely responsible in damages for property injured

or destroyed by fire communicated by its locomotive engines, and declared a railroad company had an insurable interest in property along its route that authorized it to insure such property. The question whether this statute was repugnant to the constitution of the United States came before he supreme court in the case of Railway Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611. The contention of the railroad company in that case was exactly what the contention of the plaintiffs in error is in the case at bar. In the introduction to the opinion the court said:

"It has been strenuously argued, in behalf of the plaintiff in error, that this statute is an arbitrary, unreasonable, and unconstitutional exercise of legislative power, imposing an absolute and onerous liability for the consequences of doing a lawful act and of conducting a lawful business in a lawful and careful manner, and that the statute violates the constitution of the United States, by depriving the railroad company of its property without due process of law, by denying to it the equal protection of the laws."

After a learned and exhaustive review of all the cases, the court unanimously held the act constitutional, concluding their opinion with the declaration:

"The statute is not a penal one, imposing punishment for a violation of law, but it is purely remedial, making the party doing a lawful act for its own profit liable in damages to the innocent party injured thereby, and giving to that party the whole damages, measured by the injury suffered. Railroad Co. v. Richardson, 91 U. S. 454, 472, 23 L. Ed. 356; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123. The statute is a constitutional and valid exercise of the legislative power of the state, and applies to all railroad corporations alike. Consequently it neither violates any contract between the state and the railroad company, nor deprives the company of its property without due process of law, nor yet denies to it the equal protection of the laws."

In their opinion, the court cite numerous statutes which impose liability on railroad companies wholly independent of negligence on their part, and show that the courts have uniformly maintained their validity. A statute in Massachusetts made the liability of a railroad company for the destruction of property by fire communicated from its locomotive engines absolute, and not dependent upon negligence on its part. The supreme judicial court of Massachusetts held this act valid upon grounds that have ever since been held to be sufficient to uphold such legislation. Chief Justice Shaw, delivering judgment, said:

"We consider this to be a statute purely remedial, and not penal. Railroad companies acquire large profits by their business. But their business is of such a nature as necessarily to expose the property of others to danger; and yet, on account of the great accommodation and advantage to the public, companies are authorized by law to maintain them, dangerous though they are, and so they cannot be regarded as a nuisance. The manifest intent and design of this statute, we think, and its legal effect, are, upon the considerations stated, to afford some indemnity against this risk to those who are exposed to it, and to throw the responsibility upon those who are thus authorized to use a somewhat dangerous apparatus, and who realize a profit from it." Hart v. Railroad Corp. (1847) 13 Metc. (Mass.) 99.

Similar statutes, imposing a liability upon the railroad company wholly independent of negligence on its part, exist in Vermont, Maine, New Hampshire, Connecticut, Iowa, Missouri, Colorado, South Carolina, and probably other states, and their constitutionality has

invariably been upheld. A Kansas statute made railroad companies doing business in that state liable for all damages done to an employé in consequence of the negligence of other employés. In Railway Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107, the statute was assailed as unconstitutional, and the supreme court, in answer to that contention, said:

"The contention of the company, as we understand it, is that the law imposes upon railroad companies a liability not previously existing, in the enforcement of which their property may be taken, and thus authorizes, in such cases, the taking of property without due process of law, in violation of the fourteenth amendment. The plain answer to this contention is that the liability imposed by the law of 1874 arises only for injuries subsequently committed. It has no application to past injuries, and it cannot be successfully contended that the state may not prescribe the liabilities under which corporations created by its laws shall conduct their business in the future, where no limitation is placed upon its power in this respect by their charters. Legislation to this effect is found in the statute books of every state. The hardship or injustice of the law of Kansas of 1874, if there be any, must be relieved by legislative enactment. The only question for our examination, as the law of 1874 is presented to us in this case, is whether it is in conflict with clauses of the fourteenth amendment. The supposed hardship and injustice consist in imputing liability to the company where no personal wrong or negligence is chargeable to it or to its directors. But the same hardship and injustice, if there be any, exist when the company, without any wrong or negligence on its part, is charged for injuries to passengers. Whatever care and precaution may be taken in conducting its business or in selecting its servants, if injury happen to the passengers from the negligence or incompetency of the servants, responsibility therefor at once attaches to it. The utmost care on its part will not relieve it from liability, if the passenger injured be himself free from contributory negligence. The law of 1874 extends this doctrine, and fixes a like liability upon railroad companies, where injuries are subsequently suffered by employés, though it may be by the negligence or incompetency of a fellow servant in the same general employment, and acting under the same immediate direction. That its passage was within the competency of the legislature we have no doubt."

The latest expression of that court upon the general question under consideration is found in the case of Railroad Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909. In that case the court had under consideration a statute of Kansas relating to the liability of railroads for damages by fire, which provided that, in all actions commenced under the act, if the plaintiff recovered he should be allowed a reasonable attorney's fee, to become part of the judgment, and the court held the statute constitutional.

A railroad company owes a duty to its passengers to carry them safely. A passenger is powerless to protect himself from injury resulting from derailment or wreck of the car or from other causes. He is in the care and keeping of the railroad company, and has no knowledge of the roadbed, rails, cars, locomotive engines, or other appliances or fixtures, or of the management and conduct of the train, or of the fitness of its employés, and is frequently unable to locate the cause of the wreck, and convict the company of negligence, though the company may have been guilty of negligence. The company, in such cases, can easily produce evidence of due care which the passenger cannot be prepared to meet. It was considerations similar to these that led to the legislation making the railroad company absolutely liable for the damages resulting from fire escaping

from its locomotive engines. And we may add that they are quite as forcible as any that are given for the adoption of the rule that made a common carrier an insurer of the goods intrusted to him for carriage. It is settled by all the authorities that the carrier is an insurer of the passenger's baggage; and, where the rule has not been changed by statute, we have this anomalous condition, that, when a passenger and his baggage are injured in the same wreck, the railroad is liable for damages done to the baggage irrespective of its negligence, but is not liable to the injured passenger without proof of negligence. The Nebraska statute does away with this anomaly, and puts the passenger and his baggage on very much the same footing. And why not? There would seem to be more reason for protecting the passenger than his baggage. When a passenger, without any fault on his part, is injured, why should not the railroad company compensate him therefor? Grant that the company was innocent of any negligence or intention to injure him, the fact remains that it did injure him; and, where one of two innocent persons must suffer a loss, why should not the one who inflicted the injury be required to bear the burden? The learned counsel for the defendant in error contends—citing some cases to support the contention which we have not examined—that the Nebraska statute is simply a re-enactment of the early common law on the subject of the carrier's liability to the passenger, which, he maintains, was gradually changed by judicial decision, and he remarks that "it would, indeed, be singular if the courts, having legislated a new rule into the law on this subject, should deny to the real lawmakers the right to change the rule back to what it was in the beginning." We have not found it necessary to inquire into the soundness of the counsel's contention, and we express no opinion upon it; for without reference to the common law, ancient or modern, it is quite clear that a common carrier of passengers, who conducts its business by the powerful and dangerous agency of a railroad, the right to use which is derived from the legislature of the state, may be required by the state to compensate its passengers for injuries it inflicts upon them independent of any question of its own negligence. Such a statute cannot be distinguished in principle from those we have referred to imposing an absolute liability for the loss of property by fire, or from the common-law rule which imposes an absolute liability for loss of the passenger's baggage. Both upon principle and authority, the Nebraska statute is a valid enactment.

Exceptions were taken to some questions propounded to a witness. We think the question itself was proper, but, whether so or not, the witness did not answer it. There are no other exceptions having any merit or requiring special notice. The judgment of the circuit court is affirmed.