O. & R. V. R. Co. v. Chollette.

OMAHA & R. V. R. CO. v. ELIZA CHOLLETTE.

[FILED OCTOBER 7, 1891.]

1. **The testimony** being conflicting it was properly submitted to the jury, and the court did not err in refusing to instruct to find a verdict for the defendant.

2. **The law of a case** having been declared on a former hearing, will not be recapitulated in the syllabus.

3. **Instructions** set out in the opinion, *held*, to state the law correctly.

ERROR to the district court for Saunders county. Tried below before POST, J.

*J. M. Thurston,* and *W. R. Kelley,* for plaintiff in error, cited, on the question of contributory negligence: *Pa. R. Co. v. Aspell,* 23 Pa. St., 147; *C., B. & Q. R. Co. v. Hazzard,* 26 Ill., 373; *C., B. & Q. R. Co. v. Dewey,* Id., 255; *Burrows v. R. Co.,* 63 N. Y., 556; *Bon v. Ry. Pas. Ass'n.,* 56 Ia., 664; *Hickey v. R. Co.,* 14 Allen [Mass.], 429; *Nichols v. R. Co.,* 106 Mass., 463; *Harvey v. R. Co.,* 116 Id., 269; *R. Co. v. Bangs,* 47 Mich., 470; *R. Co. v. Stratton,* 54 Ill., 133; *I. C. R. Co. v. Stratton,* 78 Id., 88; *R. Co. v. Randolph,* 53 Id., 510; *R. Co. v. Scates,* 90 Id., 586; *Secor v. R. Co.,* 10 Fed. Rep. [Ill.], 15; *Raben v. R. Co.,* 74 Ia., 732; *Jeffersonville R. Co. v. Hendricks,* 26 Ind., 228, 232; *Morrison v. R. Co.,* 56 N. Y., 302–5; *Bailey v. R. Co.,* 49 Id., 77; *Nichols v. R. Co.,* 38 Id., 131; *Lucas v. R. Co.,* 6 Gray [Mass.], 64; *Gavett v. R. Co.,* 16 Id., 501.

*S. H. Sornborger, contra,* cited, on the same question: 2 Thomp., Neg., 1175, sec. 19; *Chollette v. R. Co.,* 26 Neb., 161; *Secor v. R. Co.,* 10 Fed. Rep. [Ill.], 15.

MAXWELL, J.

This case was before this court in 1889, and is reported in 26 Neb., 159, the judgment of the court below being reversed.

On the second trial the jury returned a verdict in favor of the defendant in error for the sum of $4,000, upon which judgment was rendered. The jury made special findings of fact as follows:

"First—Was the train, upon which the plaintiff was a passenger at the time when her injuries were received, stopped at the platform at the passenger station where the accident occurred, for the purpose of receiving and discharging freight and passengers?

"Ans. Yes.

"Second—Did the train, after stopping at the platform of the passenger station where the injuries complained of were received, begin to move out from the station before the plaintiff descended the steps for the purpose of alighting therefrom?

"Ans. Yes.

"Third—Did the plaintiff voluntarily descend the steps for the purpose of alighting therefrom while the train was in motion?

"Ans. Yes.

"Fourth—Was the plaintiff warned by the conductor or trainmen and by bystanders not to get off the car while the same was in motion?

"Ans. No.

"Fifth—Did the plaintiff leave the car while the train was in motion by stepping down the steps of the car platform after having been warned not to do so by the railway company's servants and employes and others?

"Ans. No.

"Sixth—Could the plaintiff, by the exercise of such care with respect to alighting or not alighting from the train when the same was in motion, as an ordinarily prudent person would have exercised under the circumstances, have avoided the injury complained of?

"Ans. No.                              H. L. Littrell,
                                        "*Foreman.*"

The testimony upon the principal questions involved is conflicting and therefore proper to submit to a jury.

The plaintiffs in error complain of the instructions, which must be construed together. Those given by the court on its own motion are as follows:

" The particular wrong, which charges as the ground of the action, is that the said defendant negligently and carelessly failed and refused to allow her a reasonable time to alight from its cars at said station, and that it negligently and carelessly started its said cars, in which she was a passenger, before she had a reasonable time to alight therefrom, and that in consequence thereof she was violently thrown down upon the platform at said station, by reason of which she was bruised and otherwise injured. She charges that in consequence of said injuries she has suffered great pain and is permanently sick and afflicted, to her damage.

"Second—The defendant for answer denies all the allegations of negligence in plaintiff's petition, and charges that whatever injuries were received by her, if any, were in consequence of her own negligence in attempting to alight from said train while the same was in motion, contrary to the instructions and cautions of its agents and servants and others given at the time in question. The plaintiff for reply denies all the allegations of negligence on her part.

"Third—The burden of proof in this case is upon the plaintiff in the first instance, and in order to recover she must establish the truth of the material allegations of her petition by a preponderance of testimony. If the preponderance is with the defendant, or if the testimony is evenly balanced, you would have to find for the defendant.

"Fourth—The burden or preponderance of testimony does not necessarily depend upon the number of witnesses who have testified for the respective sides. In determining the question you are at liberty to take into consideration the interest of the witnesses, or any of them, in the

result of your verdict, their relationship to the parties in interest, if any, their intelligence, their means or opportunities for knowing the truth of the matters about which they testify, the reasonableness or unreasonableness of their stories, the extent to which they are corroborated by other witnesses, if at all. You may note the appearance and demeanor while upon the witness stand before you; and observe the candor and fairness with which they testify or the want of these qualities, and determine for yourselves the weight or credit which should be given to the testimony of the several witnesses.

"Fifth—By section 3, art. 1, of chapter 72 of our Compiled Laws it is provided as follows: 'Every railroad company as aforesaid shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of the said road actually brought to his or her notice.' Excepted to by defendant.

"Sixth—The term criminal negligence, as it is used in the statute above quoted, is defined to be gross negligence. It is such negligence as would amount to a flagrant and reckless disregard of her own safety and amount to a willful indifference to the injury liable to follow. Excepted to by defendant.

"Seventh—Should you find from the testimony that the train on which the plaintiff was riding did not stop at Elkhorn station a sufficient time to permit plaintiff to alight therefrom, and that she afterwards attempted to step or leap therefrom while said train was in motion, you should next determine whether she was, in trying to alight while the train was in motion, guilty of such gross or criminal negligence as is defined in the last paragraph. Excepted to by defendant.

"Eighth—Should you, however, find that the plaintiff

had a reasonable and sufficient time to alight from said train and reach the depot platform in safety while said train was at rest, then the defendant would not be liable in the action, and you should so find.   Excepted to by defendant.

" Ninth—Should you find that plaintiff did not have a sufficient time to alight from the said train as above explained, but that she was guilty of gross or criminal negligence in alighting while the train was in motion, you will find for the defendant.   Excepted to by defendant.

" Tenth—Should you find that defendant's train did not stop at Elkhorn station long enough to enable the plaintiff to alight from the car in which she was riding, and that she was not guilty of such gross or criminal negligence as here defined in attempting to alight while the train was in motion, you should next determine from the testimony whether or not the plaintiff, at the immediate time of the injury in question, was guilty of violating any express rule or regulation of defendant company for the safety of passengers upon its trains, and whether she had actual notice of such rule or regulation.

" Eleventh—If you find that at and prior to the time in question there existed an express rule or regulation of the defendant company that passengers should not stand upon the platform of the cars while the train was in motion, and that such rule or regulation was actually before that time brought to plaintiff's knowledge by means of notices posted upon the doors of defendant's cars, and if she went upon the platform of the moving train in violation of such express rule or regulation and attempted to step therefrom to the depot platform, she could not recover in this case ; but if she was in the act of leaving the train at the time the train started, then the standing upon such platform would not be a violation of such rule or regulation, although the train may have been in motion.   Excepted to by defendant.

" Twelfth—The fact, if it is a fact, that the defendant's train did not stop at the station long enough to enable plaintiff to alight therefrom, would not of itself excuse plaintiff or justify her stepping from the train while in motion.                    A. M. Post, *Judge*."

The court, also at the request of the plaintiff, gave the following instructions:

"You are instructed that a passenger upon a railroad train, is entitled to a reasonable time to leave or alight from the car in which he is riding, when a train is stopped for that purpose, and when reasonable time is not in fact given in which to alight in safety, if, in attempting to do so, injuries result to him, he is entitled to recover from the railroad company for such injuries, unless in doing so he is guilty of criminal negligence, as elsewhere defined in these instructions, or unless in doing so he is violating some express rule or regulation of said railroad actually brought to his notice.    Excepted to by defendant.

"If, from the evidence in this case, you find that the defendant's train did not stop at the station at Elkhorn long enough to enable the plaintiff, Eliza Chollette, to leave the car in which she was riding, and reach the platform while the train was standing and before it was again started, and that she was thrown or precipitated therefrom, or that she stepped therefrom onto the depot platform after the train was started and was in motion, it is for you to say, upon consideration of all the evidence upon that question, whether she was guilty of criminal negligence, as elsewhere defined in these instructions.    Excepted to by defendant.

"If you find from the evidence in this case that the plaintiff, or her husband in her behalf, applied to the agent or person in charge of the station office situated on the defendant's right of way at Wahoo for a ticket for her transportation to Elkhorn, and that such agent or person so in charge of said station office, in response to such application,

sold her, or her husband in her behalf, a local book ticket for her transportation to Elkhorn, and that she boarded a passenger car running upon defendant's line of road, in pursuance of the direction of persons in charge of said car the ordinary carriage of passengers riding over said road, or of the train of cars, and that the same was used for and continued in said car without changing cars until she reached her destination at Elkhorn, such facts would constitute a valid and binding contract and undertaking by the defendant to safely carry the plaintiff from Wahoo to Elkhorn, notwithstanding the fact that Elkhorn is not situated upon defendant's line of railroad, and is situated upon the U. P. railroad at a point several miles beyond the terminus of the defendant's road.

"Given with this addition: That the liability of this defendant in such case would be the same, neither greater nor less than if such injury had occurred at a station on their own line of road.  A. M. Post, *Judge.*"

These instructions, taken together, state the law correctly. The law of this case was settled on the former hearing and need not be repeated here. The plaintiff in error asked the court to direct a verdict for the defendant below. This instruction was properly refused, as there were questions of fact involved in the case proper to be submitted to a jury. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.