CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. BERTHA ZERNECKE, ADMINISTRATRIX OF THE ESTATE OF ERNEST ZERNECKE, DECEASED.

FILED MARCH 7, 1900.　No. 9,149.

1. Passengers on Railroad: INJURIES: RIGHT OF ACTION. By section 3, article 1, chapter 72, Compiled Statutes, a right of action is given to a person for all injuries sustained while a passenger of a railroad company, except where the injury was occasioned by his own criminal negligence, or by his violation of some express rule or regulation of the carrier actually brought to his notice.

2. ———: ———: PRESUMPTION. In an action for injuries sustained by derailment of a train, on which plaintiff was a passenger, the statute creates a presumption that the accident was caused by the negligence of the carrier, or by its wrongful act, neglect or default.

3. Statute: LIABILITY OF CARRIER: POLICE POWER. Said section 3, article 1, chapter 72, Compiled Statutes, making carriers liable, in absence of negligence, for injuries to passengers, is within the police power of the state.

4. ———: No CONFLICT. Chapter 21, Compiled Statutes, is not amendatory of section 3, article 1, chapter 72, Compiled Statutes, nor do the two acts in anywise conflict, one with the other.

5. Lord Campbell's Act: LEGAL REPRESENTATIVE. Under chapter 21, Compiled Statutes, known as "Lord Campbell's Act," a right of action is given the legal representative of one who has died in consequence of injuries sustained while being transported by a railroad company, where the injured party could have maintained an action had he survived.

6. Statutes in Pari Materia. All statutes *in pari materia* must be taken together and construed as if they were one enactment, and, if possible, effect given to every provision.

7. Constitution: FOURTEENTH AMENDMENT: STATUTE NOT INIMICAL. Section 3, article 1, chapter 72, Compiled Statutes, is not inimical to the fourteenth amendment of the constitution of the United States, nor to section 3, article 1, of the constitution of this state, as tending to deprive railroad companies of their property without due process of law.

48

8. Instructions: CONSTRUCTION. Instructions should be construed together, and if, when so considered, they state the law correctly, applicable to issues and evidence, they will be sustained.

9. ———: FREE FROM REVERSIBLE ERROR. Instructions in this case examined, and *held* free from reversible error.

ERROR from the district court of Thayer county. Tried below before HASTINGS, J. *Affirmed.*

*W. F. Evans, L. W. Billingsley, R. J. Greene* and *M. A. Low,* for plaintiff, argued that section 3 on page 798 of the Compiled Statutes of 1897 has no application to the case at bar, or to cases of that character, but it refers entirely to actions brought to recover damages resulting from personal injuries where death ensued. It did not, and could not, refer in any way to chapter 15 of the General Statutes of 1873 (which creates or gives a rule of action for damages resulting from the death of a person), as it was passed six years before the act of 1873. During these six years how could an action have been maintained in this state for the death of a person, even though it were caused by carelessness or negligence? In whose name and for whose benefit would it have been brought? In what manner would the proceeds of the judgment have been distributed? Should the proceeds under this statute go to the estate of the deceased or to his widow or next of kin, or to either of them? The statute is silent in reference to all these matters, and they are not provided for in any way.

In construing a statute, we must look to the object in view; and never adopt any interpretation that will defeat the purpose of the statute, if it will admit of any other reasonable construction. See *The Emily and The Caroline,* 9 Wheat. [U. S.], 381; *Hagenbuck v. Reed,* 3 Nebr., 17.

Keeping in view this rule, which obtains in all courts of last resort, how can it be said that the act of 1867 applies to the case at bar? If the act in question refers to injuries resulting in death, why was the act of 1873 necessary? The last act includes by express words death

cases, but excludes all others. It is evident that the legislature, in passing the act of 1873, did not intend that it should refer to such cases as are included in the act of 1867.

The two statutes in question are inconsistent with each other:

1. The act of 1867 refers only to railroad companies, while the act of 1873 refers to any persons, company or corporation.

2. The act of 1867 refers only to injuries sustained by passengers while being transported over a railroad; the act of 1873 refers to any person, whether passenger, employé or third person.

3. Under the act of 1867, the railroad company shall be liable for all damages inflicted upon the person of passengers, without any limitation as to the amount, but under the act of 1873 the damages shall not exceed the sum of $5,000.

4. By a literal construction of the act of 1867, railroad companies are liable in all cases except where the injury done arises from the criminal negligence of the person injured, or where the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice; but under the act of 1873 an action can not be maintained, except when the death of a person shall be caused by the wrongful act, neglect or default of the defendant. See *Hegerich v. Keddie*, 99 N. Y., 258-267.

How can it be said, in the face of these inconsistencies, that the two statutes refer to or include the same cause of action?

Section 3, article 1, chapter 72, is inimical to the 14th amendment of the constitution of the United States.

Case argued orally for plaintiff by *R. J. Greene.*

*Stewart & Munger*, for defendant in error, argued, *inter alia:* It is the contention of the plaintiff in error, as we understand it, that section 3, article 1, chapter 72, Com-

piled Statutes, does not apply in an action against a railway company for damages caused by injuries inflicted on the person of a passenger, being transported over his road, where such injuries cause the passenger's death; and that in such cases sections 1 and 2 of chapter 21 of the Compiled Statutes alone govern; and, further, that the statute of 1867 is not contrary to the fourteenth amendment to the federal constitution, which provides: "Nor shall any state deprive any person of life, liberty, or property without due process of law." This question must certainly be regarded as settled in this state. The statute of 1867 has been before this court many times; and has been attacked by so many able counsel, on so many points, that we might well rest by simply referring to the following decisions of this court, wherein they have passed not only on these questions now presented, but also upon almost every objection that could be taken against the statute by any exercise of ingenuity. We refer to *Chollette v. Omaha & R. V. R. Co.*, 26 Nebr., 159; *Omaha & R. V. R. Co. v. Chollette*, 33 Nebr., 143; *Missouri P. R. Co. v. Baier*, 37 Nebr., 235; *Union P. R. Co. v. Porter*, 38 Nebr., 226; *Chicago, B. & Q. R. Co. v. Landauer*, 39 Nebr., 803; *Omaha & R. V. R. Co. v. Chollette*, 41 Nebr., 578; *St. Joseph & G. I. R. Co. v. Hedge*, 44 Nebr., 448; *Chicago, B. & Q. R. Co. v. Hague*, 48 Nebr., 97; *Chicago, B. & Q. R. Co. v. Hyatt*, 48 Nebr., 161; *Fremont, E. & M. V. R. Co. v. French*, 48 Nebr., 638.

Case argued orally for defendant in error by *Thomas H. Munger.*

*W. F. Evans, L. W. Billingsley* and *R. J. Greene (M. A. Low* with them) replied, *inter alia,* as follows: The supreme court said in *Chicago, R. I. & P. R. Co. v. Young,* 79 N. W. Rep. [Nebr.], 558, speaking of decisions of cases (cited by the learned counsel for defendant in error): "The validity of this law has been assumed in many cases decided by this court." Whether these decisions were altogether sound in principle, counsel would not now stop

to inquire. They silenced opposition by their mere numerical strength; and, without acknowledging a servile submission to precedent, defendant felt bound to accept them as conclusive evidence of what the law was. Counsel respectfully but earnestly submitted that in this the court was clearly in error, as it has never "expressly held" or "distinctly affirmed" that the section in question was valid or constitutional. In all cases in which its validity or constitutionality had been raised this court had assumed, as it did in the *Young Case*, without an examination or a consideration, that it was valid.

NORVAL, C. J.

In 1894 Ernest H. Zernecke was killed in a train wreck while a passenger of the Chicago, Rock Island & Pacific Railway Company, and his wife, as administratrix of his estate, brought this action to recover damages therefor, for the benefit of herself and minor children. The train was wrecked by the criminal act of a third person, without fault on the part of the railway company. On the trial a verdict was rendered in favor of the plaintiff, and judgment was entered thereon, from which the railway company comes to this court on error.

On the trial the following instruction was given by the court, to which the defendant took exception: "The jury are instructed that if you find from the evidence, that Ernest H. Zernecke was a passenger, being carried on the train of the defendant railway company, that was derailed and wrecked near Lincoln, Nebraska, on August 9, 1894, thereby causing the death of said Zernecke, and that plaintiff is his administratrix, and she and her children had a pecuniary interest in his life, and suffered loss by his death, then you should find for the plaintiff." Section 3, article 1, chapter 72, Compiled Statutes, declares: "Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal

negligence of the person injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." The instruction quoted is within the provision of said section, aside from the omission to state exceptions contained in the statute, that the defendant was not liable for injury resulting from the criminal negligence of the person injured, or from his violation of some expressed rule or regulation of the company actually brought to the notice of the injured passenger. There is an entire absence of any evidence in the record before us tending to bring the case within either of the exceptions contained in said section 3; therefore the instruction was pertinent and proper, if said legislation is constitutional and applicable to the case at bar. The constitutionality of said section has been assumed by this court in numerous cases. See *Chollette v. Omaha & R. V. R. Co.*, 26 Nebr., 159; *Omaha & R. V. R. Co. v. Chollette*, 33 Nebr., 143; *Missouri P. R. Co. v. Baier*, 37 Nebr., 235; *Chicago, B. & Q. R. Co. v. Hague*, 48 Nebr., 97; *Chicago, B. & Q. R. Co. v. Hyatt*, 48 Nebr., 161; *Fremont, E. & M. V. R. Co. v. French*, 48 Nebr., 638. And the validity of said statute has been expressly decided in *Union P. R. Co. v. Porter*, 38 Nebr., 226; *Omaha & R. V. R. Co. v. Chollette*, 41 Nebr., 578; *Chicago, R. I. & P. R. Co. v. Young*, 58 Nebr., 678, 79 N. W. Rep., 556. The legislation is justifiable under the police power of the state, so it has been held. It was enacted to make railroad companies insurers of the safe transportation of their passengers, as they were of baggage and freight; and no good reason is suggested why a railroad company should be released from liability for injuries received by a passenger while being transported over its line, while the corporation must respond for any damages to his baggage or freight.

It is argued by counsel for defendant below that said section 3 is not applicable to cases of injuries causing the death of a passenger, the contention being that section

1, chapter 21, Compiled Statutes, is the law governing
this class of actions, and that, under the provisions of
said last named statute, the defendant should have been
permitted to prove that the death of plaintiff's husband
was not caused by any act of negligence on the part of
the railway company, and that the jury should have
been instructed that before there could be a recovery it
was necessary to establish the fact that defendant com-
pany had been negligent in the premises.  It is further
argued that, if it be held that said first named statute is
the law governing this class of cases, then the same has
been repealed by said chapter 21, which is a later enact-
ment, and that the two are in conflict.  If the two
statutes are in conflict, the argument is unanswerable.
But it is believed that the two statutes do not in any-
wise conflict, one with the other.  Said section 3, as al-
ready stated, makes a railroad company an absolute
insurer of the safety of its passengers, save in cases fall-
ing within one or the other of the two exceptions men-
tioned in the statute.  It gives or creates a right of action
in favor of the injured passenger; and when it is estab-
lished that a person is injured while a passenger of a
railroad company, a conclusive presumption of negli-
gence arises in every case except where it is disclosed
that the injury was one caused by his own criminal neg-
ligence, or by his violation of some rule of the company
brought to his actual notice.  On the other hand, chapter
21, Compiled Statutes, known as "Lord Campbell's Act,"
creates a right of action in favor of the personal repre-
sentatives of the deceased where none existed before.
It is very broad in its terms, being applicable to all acts
of negligence, whether on the part of a railway company
or others.  Under said section 3, article 1, chapter 72,
a litigant establishes an act of negligence, or a default,
on the part of the defendant railway company when the
fact is disclosed that he was a passenger of such railway
company, and while such passenger, was injured.  In
other words, a conclusive presumption of negligence

arises where the case does not fall within the exceptions
of the law, and he has his right of action.  Prior to the
adoption of said section 3, in 1867, he would have had to
affirmatively establish some act of negligence on the
part of the railway company to entitle him to recover
for injuries received while a passenger.  From the time
this section was passed until said chapter 21 was adopted
in 1873, no right of action existed for negligence result-
ing in the death of a person.  But said chapter, in broad
terms, gives a right of action for the death of a person
caused by the wrongful act, neglect or default of another,
if the same is such as would, if death had not ensued,
have entitled the party injured to maintain an action to
recover damages in respect thereof.  Now, it is indis-
putable that, if Zernecke had been injured merely, and
not killed, he could have recovered against the railway
company under said section 3, article 1, chapter 72, and
that thereunder said injuries would have been deemed
to have been caused by the wrongful acts, neglect or de-
fault of the said railway company in failing to carry
such passenger safely.  Hence this case falls within the
scope of said chapter 21, and the fact of negligence or
the defendant's wrongful acts or default is established
when the evidence discloses the facts specified in said
section 3 of chapter 72.  The two statutes are not in con-
flict, for the reason that one creates a liability in favor
of the passenger himself, and obviates the necessity of
proving the negligence of the carrier, while the other
statute gives a right of action, where none existed before,
to the personal representatives of a deceased person in
all cases, where such person could have recovered dam-
ages for his injury, if death had not ensued.  See *Ean v.
Chicago, M. & St. P. R. Co.*, 95 Wis., 69; *Philo v. Iowa C.
R. Co.*, 33 Ia., 47.  The rule is that all statutes *in pari
materia* must be taken together and construed as if they
were one enactment.  See *Hendrix v. Rieman*, 6 Nebr.,
516; *State v. Babcock*, 21 Nebr., 599; *People v. Weston*, 3
Nebr., 312.  Statutes should be so construed, if possible,

as to give effect to every provision, and an act should not be placed in antagonism with another act, unless such was the manifest purpose and object of the legislature. See *McCann v. McLennan*, 2 Nebr., 286; *Burlington & M. R. R. Co. v. Webb*, 18 Nebr., 215; *State v. Babcock*, 21 Nebr., 599. Tested by these principles, the conclusion is irresistible that said section 3, article 1, chapter 72, Compiled Statutes, was not amended by chapter 21 of said statutes known as "Lord Campbell's Act."

It is further contended that section 3, chapter 72, is in conflict with the fourteenth amendment of the constitution of the United States, and with section 3 of article 1 of the constitution of this state, as tending to deprive railroad companies of their property without due process of law. This court has decided to the contrary in *Chicago, R. I. & P. R. Co. v. Young*, 58 Nebr., 678, 79 N. W. Rep., 556 and cases therein cited, and we see no reason for departing from the law as therein laid down. See *Clark v. Russell*, 97 Fed. Rep., 900; *Missouri P. R. Co. v. Mackey*, 127 U. S., 205; *Railroad Co. v. Mathews*, 165 U. S., 1; *Railroad Co. v. Paul*, 173 U. S., 404.

The following instruction was given by the court: "If, under the evidence and instructions of the court, the jury find for the plaintiff, then, in assessing the damages which the plaintiff is entitled to recover, the jury should assess the same with reference to the pecuniary loss, sustained by the wife and children of the deceased, and in determining this, you may consider the probable earnings of the deceased, his age, business capacity, experience, habits, health, bodily and mental qualities, during what probably would have been his lifetime, if he had not been killed, so far as these several matters have been shown, by the testimony, and you may also, consider the value his services might have been, in the superintendence and attention to, and care of his family and the education of his children, but the amount you can allow, can not exceed the sum of $5,000." It is contended that in the portion of the instruction which

directed the jury that, in considering the question of what the value of the services of deceased might have been in the superintendence and care of his family and the education of his children, etc., the jury were not required to confine themselves to the evidence, but were "turned loose" without anything to guide them in ascertaining the value thereof. We do not think so. In a general instruction the jury were told that in case they found for the plaintiff, it must be for pecuniary damages alone, which they must find from the evidence the plaintiff and her children had suffered; and no doubt the jury considered the two instructions together in passing upon the element of damages. There was evidence on which to base the instructions, and we do not doubt, that, under the instructions, the jury gave it only its due weight. It is further argued that the court, in this clause of the instruction, should have used the word "probably" instead of the word "might." We have no doubt that the former word is the better of the two in that connection; but jurors are not given to nice distinctions in words, and we can not imagine that they were in anywise misled by the use of the one word rather than the other. We have carefully examined all the arguments adduced in the briefs of counsel, but fail to find any error reversible in the record, wherefore the judgment of the lower court is

AFFIRMED.