## CLARK et al. v. ZARNIKO.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 1,359.

1. CONTRIBUTORY NEGLIGENCE—PEREMPTORY INSTRUCTION.

If, at the close of the trial of an action for damages for negligence, the evidence conclusively discloses the fact that the plaintiff was guilty of negligence which contributed to his injury, it is the duty of the trial court to instruct the jury to return a verdict for the defendant.

2. PURPOSE AND EFFECT OF SECTION 572, C. 9, CONSOL. ST. NEB. 1891.

Section 572, c. 9, Consol. St. Neb. 1891, which provides that every railroad company shall be liable for all damages inflicted upon the persons of passengers while being transported over its road, except in cases where the injuries arise from the criminal negligence of the persons injured, does not make a common carrier an insurer of the safety of passengers. but merely establishes a presumption that damages inflicted upon a passenger are entirely attributable to the negligence of the railroad company.

3. GROSS CONTRIBUTORY NEGLIGENCE FATAL TO RECOVERY UNDER THIS STATUTE.

If, at the close of the trial of an action by a passenger for negligence, under this statute, the evidence discloses the fact that the plaintiff was guilty of gross negligence,—that is, of a flagrant and reckless disregard of his safety,—which contributed to his injury, such negligence is fatal to his recovery, and it is the duty of the court to instruct the jury to return a verdict for the defendant.

Caldwell, Circuit Judge, dissenting.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Nebraska.

John N. Baldwin (W. R. Kelly, on the brief), for plaintiffs in error.

A. S. Churchill (George W. Covell and Phil. E. Winter, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. On the morning of July 10, 1896, Herman Zarniko, the plaintiff below and the defendant in error in this court, boarded a passenger train of the defendants below, the receivers of the Union Pacific Railway Company, at Omaha, in the state of Nebraska, to ride to the packing house of Swift & Co., at South Omaha, where he was employed. He seated himself in one of the passenger cars, but before he arrived at his destination he arose, left the car, and crawled down upon a footboard 14 inches wide, which extended around the tender of the engine, and rode there until he arrived in South Omaha. At a convenient height above this footboard was a handrail securely fastened to the tender for the purpose of enabling those using the footboard to grasp it, and ride securely. This footboard and handrail had been placed upon the tender of the engine for the convenience of the employés of the railway company, and not for its passengers: but it was the custom of the employés of the packing houses to ride between Omaha and South Omaha upon this footboard, and the conductor and engineer were familiar with

this custom, and knew that there were passengers riding upon this board at the time of the accident. When the train had arrived near its destination at the packing house of Swift & Co., and when the plaintiff was about to alight, he was standing on the footboard at one of the rear corners of the tender, leaning against the handrail, without in any way grasping or holding it. Thereupon the engineer, having stopped his engine, found it necessary to move it forward, and in doing so gave it a sudden jerk, and the plaintiff fell off between the tender and the forward passenger car, which passed over his leg, and necessitated its amputation. He sued the defendants for negligence in the operation of this train. They denied negligence, and alleged that the plaintiff was guilty of negligence which contributed to his injury. There was a trial, and a verdict and judgment for the plaintiff, which are challenged by this writ of error.

The first error assigned is that the court below should have instructed the jury to return a verdict for the defendants. There is a statute in the state of Nebraska which reads:

"Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." Consol. St. Neb. 1891, c. 9, § 572.

The supreme court of Nebraska has defined the term "criminal negligence" in this statute to be gross negligence; such negligence as would amount to a flagrant and reckless disregard of one's safety, or to a willful indifference to the injury liable to follow. It has also declared that the purpose of the statute was not to fasten upon a common carrier of passengers a liability as insurer, but that it was rather intended to establish a presumption from an injury to a passenger that the damages inflicted by such injury were entirely attributable to the negligence of the railroad company, and that to avoid liability it devolves upon the company to show that the injury was imputable to the criminal negligence of the party injured, or to his violation of some express rule or regulation of the road actually brought to his notice. Railroad Co. v. Chollette, 33 Neb. 143, 146, 49 N. W. 1114; Railway Co. v. Baier, 37 Neb. 235, 255, 55 N. W. 913. Accepting these declarations of the supreme court of Nebraska as to the meaning and purpose of this statute, the question presented by the first specification of error is whether or not the evidence at the close of the trial of this case conclusively disclosed the fact that the plaintiff was guilty of gross or criminal negligence which contributed to the injury which he suffered. If so, it was the duty of the court below to grant the request of the defendants. If, at the close of the trial of an action for damages for negligence, the evidence conclusively discloses the fact that the plaintiff was guilty of negligence which contributed to his injury, it is the duty of the trial court to instruct the jury to return a verdict for the defendant. Railway Co. v. Davis, 53 Fed. 61, 3 C. C. A. 429, 10 U. S. App. 422; Gowen v. Harley, 56 Fed. 973, 980, 6 C. C. A. 190, 197, 12 U. S. App. 574, 585; Railway Co. v. Moseley, 57 Fed. 921, 922, 923, 6 C. C. A. 641, 643,

12 U. S. App. 601, 604; Reynolds v. Railroad Co., 69 Fed. 808, 810, 16 C. C. A. 435, 437, 438, 32 U. S. App. 577, 582, 29 L. R. A. 695; Laclede Fire-Brick Mfg. Co. v. Hartford Steam-Boiler Inspection & Insurance Co., 60 Fed. 351, 354, 9 C. C. A. 1, 4, 19 U. S. App. 510, 515; Motey v. Granite Co., 74 Fed. 155, 157, 20 C. C. A. 366, 368, 36 U. S. App. 682, 686; Commissioners v. Clark, 94 U. S. 278, 284, 24 L. Ed. 59; North Pennsylvania R. Co. v. Commercial Nat. Bank, 123 U. S. 727, 733, 8 Sup. Ct. 266, 31 L. Ed. 287; Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213. It is difficult to conceive of any acts which could amount to gross negligence, to a flagrant and reckless disregard of one's own safety, or to a willful indifference to the injury liable to follow if those of the plaintiff in this case do not constitute such negligence, recklessness, and indifference. Here was a passenger train running at rapid speed from city to city, making stops on the way to its destination, provided with passenger cars, in one of which the plaintiff secured a seat, and with a tender to its engine around which there ran a footboard 14 inches wide and a handrail to enable the employés who necessarily rode upon the engine to secure themselves from accident by grasping the rail. The plaintiff left his seat in the car, passed out upon its platform, crawled down from the platform to the footboard of the tender, passed around to the corner of the footboard; and while the engine was nearing its destination, slowing up and starting on to make its proper stops, he stood upon the corner of this footboard, leaning carelessly against the rail, without grasping it with his hands, or holding to it in any way, to secure himself against falling. The danger of such a position was open, plain, patent. The place of safety was in his seat in the car. No one who remained in or on the passenger cars was injured by the motion of the engine. To leave this place of safety, to crawl down upon this footboard, and station one's self upon its corner, without grasping the rail provided for the safety of the employés who necessarily rode upon this tender, and to stand there listlessly leaning against the tender while the engine was necessarily making its stops and starts, constituted a plain and flagrant disregard of his own safety, a willful indifference to the injury that was plainly liable to follow, which contributed to the injury of the plaintiff, and is fatal to his recovery. The court below should have instructed the jury to return a verdict for the defendants.

There is another specification of error which is fatal to the verdict and judgment in this case. It is that the court delivered to the jury the following portion of its charge:

"Now, if you find that such was the case,—that in leaving the seat in the car, and going out upon the footboard of the tender of the engine, and standing there in the manner in which you find the evidence shows he did stand, that that amounted to a flagrant and reckless disregard of his own safety, to a willful indifference upon his part to the injury liable to follow,—I say, if you find that to be true, and find further that the injury would not have happened to him but for his being out there in that place, would not have happened had he remained in the car, then the plaintiff would not be entitled to recover in this action, unless you should find further upon this proposition. Now, a person might, by his own recklessness and carelessness, place himself in a position of danger, and be entitled to recover, where the other party, with full knowledge of his dangerous position, commits some act of negligence with-

106 F.—39

out which he would not have been injured except for that negligent act. To illustrate what I mean by that: Supposing I go out and lie down with my limb across the railroad track, and go to sleep. Now, everybody would say that that was the grossest kind of carelessness; negligence that amounted to a willful disregard of my safety. And if, while I am lying there asleep, a train is approaching, it is the duty of the engineer in the engine to look ahead —his place is to look ahead—to see what is on the track, and to avoid danger. Now, if the engineer, in coming, sees me lying there on the track, across the rail, and has ample time and can stop his engine, thereby preventing any injury, and yet he does not do that, but just simply says I have no business there, and will go on and run over me, why, then the company would be liable, notwithstanding my negligence in going there and lying across the track in that position and in that condition, because there you can see was a duty incumbent upon the engineer, knowing that I was lying there in that position, to avoid running over me if he could; and if he showed the reckless disregard of human safety, and never attempted to stop his train, but ran right along, and ran over my limb, I would be entitled to maintain an action, notwithstanding my own negligence in going there and lying upon the track. So, then, in this case, if you find that this plaintiff was negligent in going upon this running-board, that his negligence was of that character which I have defined as amounting to criminal negligence, then your inquiry should be, did the engineer who operated this engine, knowing he was there in that place of danger, and knowing the dangerous condition,—did the engineer carelessly and negligently cause the engine to make a sudden jerk, which precipitated him off from the engine, and caused the injury? Now, if, as I say, the engineer, knowing that he was there, in that dangerous position upon the footboard, managed the engine in a negligent and careless manner, if he negligently and carelessly caused it to make a sudden jerk, which caused the injury to the plaintiff, then the plaintiff would be entitled to recover, notwithstanding his negligence in going there, upon the principle which I have illustrated by the circumstance of my lying on the track. In determining that question as to whether or not the engineer managed his train in a negligent manner in that respect you must take into consideration what knowledge, if any, the engineer had as to his being upon the footboard, and that the engineer would have a right naturally to assume that a person in that dangerous place would exercise all of the care which an ordinarily reasonable and prudent person under like circumstances would do to secure his safety. Now, if, as I say, there was a handrail along the engine there, ask yourselves what would an ordinarily careful and prudent person riding upon that footboard there naturally do in regard to taking hold of that rail. Would an ordinarily careful and prudent person riding there, with the train in motion, place his hand upon the rail, so as to secure himself from being thrown off by a little sudden jerk, or something of that kind? And, if so, then the engineer would have a right to assume that a person standing upon a footboard was exercising ordinary care and prudence, such as an ordinarily careful and prudent person would do under like circumstances. Taking that into consideration, then, was the action of the engineer in starting the train up with a sudden jerk, if you find that such was the case, that the train was so started,—after having nearly stopped, started up with a sudden jerk,—was that an act of carelessness or negligence upon the part of the engineer, having knowledge that the party was there upon this footboard, and having a right to rely upon the fact that a party there in that dangerous condition was exercising ordinary care and prudence, such as an ordinarily careful and prudent person in the same situation would do to secure himself? And that is to be determined on the basis as to whether or not an ordinarily careful and prudent person in that place would have kept his hold of the rail there to secure himself under those circumstances. Then, if you find that notwithstanding the fact that the plaintiff in going out upon this running-board, and standing there in the condition in which he was at that time; notwithstanding, I say, that you may find that that amounted to criminal negligence within the definition as I have given you of criminal negligence, yet that injury would not have occurred to him but for what amounted to a negligent management of the train by the engineer under the circumstances in which it was managed, that the plaintiff was

injured by reason of that negligence of the engineer in the manner in which I have defined what would be negligence upon his part, he presuming that the party upon the footboard was exercising that reasonable care and prudence which an ordinarily careful and prudent person would do under like circumstances; if you find, I say, that, notwithstanding the plaintiff was criminally negligent in going out upon that footboard, the injury would not have occurred except for the negligence of the defendant, with that knowledge, in starting and managing his train,—then the plaintiff would be entitled to recover notwithstanding his negligence. If, on the other hand, you find that the plaintiff was criminally negligent within the definition as I have given it to you of criminal negligence. and that the engineer, in managing the train, with the knowledge which he had, and with the right to presume that the persons there would exercise the ordinary care and prudence of an ordinarily careful and prudent person, that the engineer was not guilty of negligence under those circumstances in the management of the train, then the plaintiff would not be entitled to recover."

Perhaps the views of the court may be deduced from a careful perusal and analysis of this charge, but it was delivered to the jury orally. They heard it but once. It contained the unfortunate illustration of an engineer running his engine knowingly and willfully over the limb of a sleeping man upon the railroad track, when there was no charge or proof of willful or intentional injury inflicted upon the plaintiff by the engineer of the defendant; and we are not satisfied that the principles applicable to this case were so clearly and tersely presented to the jury by this instruction that the defendant was not deprived of a fair trial of its case. For these reasons the judgment below is reversed, and the case is remanded to the circuit court, with instructions to grant a new trial.

CALDWELL, Circuit Judge. I dissent from the first ground as signed for the reversal of this case and concur in the second.