## CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY *v.* ZERNECKE.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 58. Argued October 25, 1901.—Decided January 6, 1902.

Section 3 of the Compiled Laws of Nebraska of 1889, c. 72, providing for the incorporation of railroad companies, is as follows: " Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." *Held* that the plaintiff in error, being a domestic corporation of Nebraska, accepted with its incorporation the liability so imposed by the laws of that State, and cannot now complain of it.

THE case is stated in the opinion of the court.

*Mr. W. F. Evans* for plaintiff in error. *Mr. M. A. Low* was on his brief.

*Mr. Thomas C. Munger* for defendant in error. *Mr. John M. Stewart* and *Mr. A. E. Harvey* were on his brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This action was brought in the district court of Lancaster

County, Nebraska, by the defendant in error as the administratrix of the estate of Ernest H. Zernecke, deceased, against the plaintiff in error, for damages, under a statute of the State, for the death of Zernecke, caused by the derailment of the train of plaintiff in error upon which Zernecke was a passenger.

The plaintiff alleged negligence in the railroad company and its servants. The answer of the company denied negligence, and alleged that the derailment was caused by some person or persons unknown to the company, and not in its employment or under its control, who willfully, maliciously and feloniously removed and displaced from the track certain spikes, nuts, anglebars, fishplates, bolts and rails, and otherwise tore up and destroyed the track. The company also alleged care in the maintenance of its track and the management of its trains.

The petition alleged that the plaintiff in error " was a corporation, duly incorporated under the laws of the State of Nebraska," and the admission of the answer was that defendant in error, " at all times mentioned in said petition, was a corporation organized and existing under and by virtue of the laws of the States of Illinois and Iowa, and a domestic corporation of the State of Nebraska."

The case was tried before a jury. The evidence of defendant in error (petitioner) was that at the time Zernecke was killed he was being transported as a passenger over the railway of plaintiff in error, and that the train upon which he was riding was thrown from the track, resulting in his death and the death of ten other persons. The plaintiff in error then offered witnesses and depositions to sustain the allegations of its answer. The testimony, upon the objection of defendant in error, was rejected, and at the close of the evidence, on motion of defendant in error, the court instructed the jury as follows:

" 1. The jury are instructed that if you find from the evidence that Ernest H. Zernecke was a passenger, being carried on the train of the defendant railway company that was derailed and wrecked near Lincoln, Nebraska, on August 9, 1894, thereby causing the death of said Zernecke, and that plaintiff is administratrix, and she and her children had a pecuniary interest in his life and suffered loss by his death, then you should find for the plaintiff."

The jury returned a verdict for defendant in error for $4500, upon which judgment was entered. The judgment was affirmed by the Supreme Court of the State, (59 Neb. 689,) and the case was then brought here.

The assignments of error are based upon the contention that the action of the district court and the decision of the Supreme Court in affirming the judgment of the district court were based upon section 3 of the act providing for the incorporation of railroad companies, and it is contended that the section contravenes the Fourteenth Amendment to the Constitution of the United States, in that said section deprives plaintiff in-error of its property without due process of law. The section is as follows:

" Every railroad company, as aforesaid, shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured, or when the injury complained of shall be the violation of some express rule or regulation of said road actually brought to his or her notice." Compiled Laws of Nebraska, 1889, c. 72, art. 1, sec. 3, p. 628.

The court, interpreting the statute, said:

" It gives or creates a right of action in favor of the injured passenger, p. 645; and when it is established that a person is injured while a passenger of the railroad company, a conclusive presumption of negligence arises in every case except where it is disclosed that the injury was one caused by his own criminal negligence, or by his violation of some rule of the company brought to his actual notice. . . . In other words, a conclusive presumption of negligence arises when the case does not fall within the exceptions of the law, and he has his right of action. . . . Now it is indisputable that, if Zernecke had been injured merely, and not killed, he would have recovered against the railway company under said section 3, article 1, of chapter 72, and that thereunder said injuries would have been deemed to have been caused by the wrongful acts, neglect or default of the said railway company in failing to carry such passenger safely. Hence this case falls within the scope of said

chapter 21, and the fact of negligence or defendant's wrongful acts or default is established when the evidence discloses the facts specified in said section 3 of chapter 72."

In other cases the Supreme Court has passed upon the statute, the titles of which cases are inserted in the margin.[1]

In *McClary* v. *Sioux City & Pacific R. R. Co.*, 3 Neb. 44 (1873), railroad companies were held not to be insurers of their passengers. In that case the injury was caused by the upsetting of the train by a gust of wind. The negligence of the company consisted in being behind time. If the train had been on time it would have escaped the tempest. The negligence, it was decided, was too remote as a cause, and the company was held not liable.

Subsequently, *Chicago, Burlington & Quincy Railroad* v. *Landauer*, 39 Neb. 803, railroad companies were held to be insurers of their passengers. The company escaped liability, however, by reason of the gross negligence of the person injured.

In *Omaha & R. V. R. Co.* v. *Chollette*, 33 Neb. 143, the words of the statute exempting railroad companies from liability, " where the injury done arose from the criminal negligence of the persons injured," were defined to mean " gross negligence," " such negligence as would amount to a flagrant and reckless disregard " by the passenger of his own safety, and " amount to a willful indifference to the injury liable to follow." This definition was approved in subsequent cases. It was also approved in the case at bar, and the plaintiff in error, it was in effect declared, was precluded from any defence but that of

[1] *Chollette* v. *Omaha & Republican Valley Railroad Company*, 26 Neb. 159; *Omaha & Republican Valley Railroad Company* v. *Chollette*, 33 Neb. 143; *Missouri Pacific Railway Company* v. *Baier*, 37 Neb. 235; *Union Pacific Railway Company* v. *Porter*, 38 Neb. 226; *Chicago, Burlington & Quincy Railroad Company* v. *Hague*, 48 Neb. 97; *Chicago, Burlington & Quincy Railroad Company* v. *Landauer*, 39 Neb. 803; *Omaha & Republican Valley Railway Company* v. *Chollette*, 41 Neb. 578; *St. Joseph & Grand Island Railroad Company* v. *Hedge*, 44 Neb. 448; *Fremont, Elkhorn & Missouri Valley Railroad Company* v. *French*, 48 Neb. 638; *Chicago, Rock Island & Pacific Railway Company* v. *Young*, 58 Neb. 678; *Chicago, Burlington & Quincy Railroad Company* v. *Wolfe*, 86 N. W. Rep. 441, decided March 21, 1901.

negligence as defined, or that the injury resulted from the violation of some rule of the company by the passenger brought to his actual notice, and the company, as we have said, was not permitted to introduce evidence that the derailment of its train was caused by the felonious act of a third person. The statute, thus interpreted and enforced, it is asserted, impairs the constitutional rights of plaintiff in error. The specific contention is that the company is deprived of its defence, and not only declared guilty of negligence and wrongdoing without a hearing, but, adjudged to suffer without wrongdoing, indeed even for the crimes of others, which the company could not have foreseen or have prevented.

Thus described, the statute seems objectionable. Regarded as extending the rule of liability for injury to persons which the common law makes for the loss of or injury to things, the statute seems defensible. And it was upon this ground that the Supreme Court of the State defended and vindicated the statute. The court said:

"The legislation is justifiable under the police power of the State, so it has been held. It was enacted to make railroad companies insurers of the safe transportation of their passengers as they were of baggage and freight; and no good reason is suggested why a railroad company should be released from liability for injuries received by a passenger while being transported over its line, while the corporation must respond for any damages to his baggage or freight."

Our jurisprudence affords examples of legal liability without fault, and the deprivation of property without fault being attributable to its owner. The law of deodands was such an example. The personification of the ship in admiralty law is another. Other examples are afforded in the liability of the husband for the torts of the wife—the liability of a master for the acts of his servants.

In *Missouri Railway Co.* v. *Mackey*, 127 U. S. 205, a statute of Kansas abrogating the common law rule exempting a master from liability to a servant for the negligence of a fellow-servant, was sustained against the contention that such statute violated the Fourteenth Amendment of the Constitu-

tion of the United States. And in *Minneapolis &c. Railway Co.* v. *Herrick,* 127 U. S. 210, a statute of Iowa which extended liability for the "*wilful wrongs, whether of commission or omission,*" of the "agents, engineers or other employees" of railroad companies, was vindicated against the double attack of being an unjust discrimination against railroad corporations and the deprivation of property without due process of law. See also *Tullis* v. *Lake Erie & Western Railroad,* 175 U. S. 348.

It seemed to the able judges who decided *Coggs* v. *Bernard,* that on account of the conditions which then surrounded common carriers public policy required responsibility on their part for all injuries to and losses of goods entrusted to them, except such injuries and losses which occurred from the acts of God or public enemies, and many years afterwards Chancellor Kent praised the decision of cases which declined to relax the rule to excuse carriers for losses by fire. That rule was not and has not been extended by the courts to passengers, and Chief Justice Marshall, in speaking for this court in *Boyce* v. *Anderson,* 2 Pet. 150, refused to apply the rule to slaves, saying: "The law applicable to common carriers is one of great rigor. Though to the extent to which it has been carried, and in the cases in which it has been applied, we admit its necessity and its policy, we do not think it ought to be carried further, or applied to new cases. We think it has not been applied to living men, and that it ought not to be applied to them."

But because courts have not extended the doctrine to carriers of passengers, it does not follow that a state legislature is precluded from doing so. The common law doctrine was declared by Chief Justice Holt in *Coggs* v. *Bernard* to be "a politic establishment, contrived by the policy of the law, for the safety of all persons, the necessity of whose affairs obliges them to trust these sorts of persons, that they may be safe in their ways of dealing; for else these carriers might have an opportunity of undoing all persons that had any dealings with them, by combining with thieves, etc., and yet doing it in such a clandestine manner as would not be possible to be discovered. And this is the reason the law is founded upon in that point."

That reason may not apply to passengers but other reasons do, which arise from the conditions which exist in and surround modern railroad transportation, and which may be considered as strongly justifying a rule of responsibility for injury to passengers which makes sure, as the common law rule does, that responsibility be not avoided by excuses which do not exist, or the disproof of which might be impossible.

We might extend the discussion and illustrate it by other cases, but however interesting such discussion might be we do not think it is necessarily demanded by this record. We think plaintiff in error is precluded from objecting to the rule of liability expressed in section 3. That rule of liability was accepted by plaintiff in error as a part and as a condition of its charter. " It was incorporated under the laws of the State of Nebraska," is the allegation of the petitioner. " It is . . . a domestic corporation of the State of Nebraska," is the allegation of the answer. It was incorporated, therefore, under the railroad incorporation act of 1867, and the liability which has been enforced upon it by the decision of the Supreme Court of the State is the liability declared by section 3 of that act. That liability, we repeat, plaintiff in error accepted with its incorporation, and cannot now complain of it. *Waters Pierce Oil Co.* v. *Texas*, 177 U. S. 28. We need not repeat the reasoning of *Waters Pierce Oil Co.* v. *Texas*. The case followed and applied the doctrine of many prior cases.

*Judgment affirmed.*

Mr. Justice Gray did not hear the argument and took no part in the decision.