JONES v. CHICAGO, R. I. & P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. October 14, 1919.)

No 5367.

1. CARRIERS ⬉325—CARE REQUIRED OF PASSENGERS; "CRIMINAL NEGLIGENCE."
The expression "criminal negligence," as employed in Rev. St. Neb. 1913, § 6052, providing that every railroad shall be liable for all damages "upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured," means gross negligence. or such negligence as would amount to a flagrant and reckless disregard by the passenger for his own safety or a willful indifference to the injury liable to follow.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Negligence.]

2. CARRIERS ⬉247(4)—EXISTENCE OF RELATION; PASSENGERS ALIGHTING FROM TRAIN.
The phrase "passenger while being transported," as used in Rev. St. Neb. 1913, § 6052, providing that every railroad company shall be liable for all damages "upon the person of passengers while being transported over its road," includes passengers leaving the train for any necessary purpose incident to their journey, and also while alighting from the train at destination.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Passenger Being Transported.]

3. CARRIERS ⬉314(5)—SUFFICIENCY OF PETITION; INJURY TO PASSENGER ALIGHTING.
Petition in an action for injury to a passenger while alighting from a train at destination, alleged to have been due to the stopping of the train in an unsafe position, held to state a cause of action under Rev. St. Neb. 1913, § 6052, making railroads liable for all injuries to passengers, except where arising from criminal negligence of the passenger or violation of express rules.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action at law by Ida C. Jones against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

M. H. Weiss, of Hebron, Neb. (Anderson & Baylor, of Lincoln, Neb., J. P. Baldwin, of Hebron, Neb., and A. Moore Berry, of Lincoln, Neb., on the brief), for plaintiff in error.

E. P. Holmes and George R. Mann, both of Lincoln, Neb., for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and YOUMANS, District Judge.

HOOK, Circuit Judge. This is an action for personal injury under a Nebraska statute (section 6052, R. S. 1913), making every railroad company liable for all damages "upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured," or by their violation of some express rule or regulation actually brought to their notice. A demurrer of the railway company to plaintiff's petition was sustained, the plaintiff stood on her pleading, and the company had judgment.

[1, 2] The statute above quoted has been held constitutional by the Supreme Court of Nebraska. See Chicago, etc., R. Co. v. Young, 58 Neb. 678, 79 N. W. 556; Chicago, etc., R. Co. v. Zernecke, 59 Neb. 689, 82 N. W. 26, 55 L. R. A. 610. This latter decision was upheld by the Supreme Court in Chicago, etc., R. Co. v. Zernecke, 183 U. S. 582, 22 Sup. Ct. 229, 46 L. Ed. 339. The expression "criminal negligence," as employed in the statute, means gross negligence, or such negligence as would amount to a flagrant and reckless disregard by the passenger for his own safety or a willful indifference to the injury liable to follow. Omaha & R. V. R. Co. v. Chollette, 33 Neb. 143, 49 N. W 1114; Clark v. Zarniko, 45 C. C. A. 494, 106 Fed. 607. The statutory phrase, "passengers while being transported," etc., includes those leaving the train for any necessary purpose incident to their journey (Chicago, etc., Ry. Co. v. Sattler, 64 Neb. 636, 90 N. W. 649, 57 L. R. A. 890, 97 Am. St. Rep. 666), and that would also include one alighting from the train at his destination.

[3] With the above constructions of the statute by the state court, which upon all questions not federal in character we should follow, let us look at the petition. Omitting an excess of detail, it sets forth that plaintiff bought of defendant a ticket entitling her to transportation from St. Louis, Mo., to Hebron, Neb.; that she took the journey, and in due course the train on which she was a passenger arrived at Hebron, her destination; that the station was announced, and the train was stopped in an unsafe position for passengers to alight; that it was in the evening, nearly dark, and no footstool was placed to lessen the distance from the coach step to the ground; and that in alighting she fell and was severely injured.

We think it quite clear that a cause of action under the statute was stated, even without the many averments that the acts and omissions of the defendant were negligently done and suffered.

The judgment is reversed, and the cause is remanded for a new trial.