## MAPLE v. UNION PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit. March 5, 1920.)

No. 5186.

1. **Appeal and error ⬆338(2)—Time for appeal not shortened by later statute referring to Supreme Court.**

The proviso to Act March 3, 1891, § 11 (Comp. St. § 1647), allowing six months for writ of error to the Circuit Courts of Appeals, that in cases "in which a lesser time is now by law limited" such limits shall apply, does not make applicable, to a writ of error to the Circuit Court of Appeals, Act Sept. 6, 1916, § 6 (Comp. St. § 1228a), limiting a writ of error and appeal to the Supreme Court to three months, since the latter act was not in force when the former was passed and expressly relates only to the Supreme Court.

2. **Carriers ⬆247(4)—Passenger alighting is "passenger while being transported."**

One who was injured by falling from the car steps while alighting was "passenger while being transported," within Rev. St. Neb. 1913, § 6052, making a railroad liable for injuries to such passengers, unless arising from the criminal negligence of the person injured or a violation of a rule of the railroad actually brought to the passenger's notice.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Passenger Being Transported.]

3. **Carriers ⬆347(9)—Passenger held not criminally negligent in law, so as to bar recovery.**

Where a passenger, after seeing others alight by means of a stool placed below the car step, returned to the car on an errand, and then stepped off without looking again for the stool, which in the meantime had been removed, and was injured by a resulting fall, he was not criminally negligent as a matter of law, so as to lose his right to recover, under Rev. St. Neb. 1913, § 6052, and it was error to direct a verdict for the railroad.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Frank Maple against Union Pacific Railroad Company. Judgment for defendant on directed verdict, and plaintiff brings error. Reversed and remanded.

Gerald F. Harrington, of Omaha, Neb. (R. M. Johnson and M. F. Harrington, both of Omaha, Neb., on the brief), for plaintiff in error.

Charles A. Magaw and C. B. Matthai, both of Omaha, Neb. (Edson Rich and Thomas W. Bockes, both of Omaha, Neb., on the brief), for defendant in error.

Before HOOK, Circuit Judge, and AMIDON and BOOTH, District Judges.

BOOTH, District Judge. This is a writ of error to reverse the judgment entered upon a verdict directed in favor of the defendant at the close of plaintiff's case. The action was one for personal injury, under the Nebraska statute. Section 6052, R. S. 1913. Motion to dismiss the writ of error is made by the defendant in error, on the ground that the writ was not applied for in time. The judgment was entered

November 8, 1917. The writ of error was applied for and allowed May 1, 1918.

The act of March 3, 1891 (26 Stat. 826, c. 517, § 11 [Comp. St. § 1647]), provides as follows:

"That no appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed: Provided however, that in all cases in which a lesser time is now by law limited for appeals or writs of error such limits of time shall apply to appeals or writs of error in such cases taken to or sued out from the Circuit Courts of Appeals."

[1] In view of the proviso, it is claimed by defendant in error that the time for taking appeals and suing out writs of error is now governed by the act of September 6, 1916 (39 Stat. 727, c. 448, § 6 [Comp. St. § 1228a]), which provides as follows:

"That no writ of error, appeal, or writ of certiorari intended to bring up any cause for review by the Supreme Court shall be allowed or entertained, unless duly applied for within three months after entry of the judgment or decree complained of."

In other words, it is contended that section 6 of the act of September 6, 1916, modifies section 11 of the act of March 3, 1891, because of the proviso contained in this latter section. In our opinon the contention is not well founded:

First. The language of section 6 of the act of September 6, 1916, is plain and unambiguous, and in terms applies to the Supreme Court only.

Second. The proviso in section 11 of the act of March 3, 1891, applied solely to cases for which at that time a lesser period than six months for writs of error and appeals existed; the words of the proviso being:

"In all cases in which a lesser time *is now* by law limited for appeals or writs of error," etc. (Italics ours.)

The construction advocated by defendant in error would in effect make the proviso read:

"In all cases in which a lesser time is now (*or shall hereafter be*) by law limited for appeals or writs of error," etc.

Such interpolative construction is not in our judgment permissible. Further, the proviso was not without application at the time of its passage. A single example will suffice: Appeals as to certain matters in pending bankruptcy proceedings were still possible by reason of the saving clause in the Bankruptcy Repeal Act, and the time fixed by statute for taking such appeals was a lesser period than six months. See sections 4980, 4981, R. S. 1878; Act June 7, 1878, 20 Stat. 99, c. 160; Duff v. Carrier, 55 Fed. 433, 5 C. C. A. 177.

Third. The act of September 6, 1916, is of a composite nature, containing sections relating to the Circuit Courts of Appeals as well as to the Supreme Court, and it is hardly to be supposed that, if Congress intended to lessen the time for bringing causes for review to the Circuit Courts of Appeals, it would have done so by the indirect method

of inference suggested by the defendant in error, rather than by the direct method of clear and positive statement.

The writ of error in the case at bar was sued out within six months after the entry of judgment, and was in time. Motion to dismiss is denied.

[2, 3] Passing to the merits:

The evidence discloses that the plaintiff below on the evening of the 3d of March, 1917, was a passenger on one of the trains of the defendant, riding in company with his wife and daughter, from Fremont to North Bend, Neb. On arriving at destination, his wife and daughter alighted from the train, making use of a footstool provided by the brakeman. Plaintiff, after going to the platform of the car, went back into the car to get a bundle which had been forgotten. On returning to the platform, he went down the steps of the car, and without looking for the footstool stepped down, fell, and was injured. It appears from the testimony that the stool had been removed while plaintiff was going back on his errand into the car. Plaintiff testified that he had seen others get off the car steps, and thought, from the manner in which they got off, that the stool was there. Section 6052, R. S. Neb. 1913, reads as follows:

"Every railroad company shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of such road actually brought to his or her notice."

The scope and construction of this statute have been recently passed upon by this court in Jones v. Railway, 260 Fed. 929, —— C. C. A. ——. Following that decision we hold (1) that plaintiff in case at bar was clearly within the class mentioned in the statute, "passengers while being transported," and this is conceded by the railway company; (2) that upon the evidence it cannot be held that a case of criminal negligence within the meaning of the statute was made out, as a matter of law, but the question was for the jury under proper instructions. The statute has been frequently construed by the state court. Omaha & R. V. R. Co. v. Chollette, 33 Neb. 143, 49 N. W. 1114; Railway Co. v. Baier, 37 Neb. 235, 55 N. W. 913; C., B. & Q. Ry. Co. v. Hague, 48 Neb. 97, 66 N. W. 1000; Chicago, etc., Ry. v. Zernecke, 59 Neb. 689, 82 N. W. 26, 55 L. R. A. 610; Chicago, etc., Ry. v. Sattler, 64 Neb. 636, 90 N. W. 649, 57 L. R. A. 890, 97 Am. St. Rep. 666.

Judgment is reversed, and cause remanded for a new trial.