# CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY CO. *v.* EATON.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 57.   Argued October 25, 1901.—Decided January 9, 1802.

*Chicago, Rock Island and Pacific Railway Co.* v. *Zernecke, ante,* 582, affirmed and followed.

THE case is stated in the opinion of the court.

*Mr. W. F. Evans* for plaintiff in error.   *Mr. M. A. Low* was on his brief.

*Mr. Thomas C. Munger* for defendant in error.   *Mr. John M. Stewart* and *Mr. A. E. Harvey* were on his brief.

MR. JUSTICE McKENNA delivered the opinion of the court.

This action was brought in the district court of Thayer County, Nebraska, by the defendant in error as the administrator of the estate of John R. Mathews, deceased, against the plaintiff in error, for damages, under a statute of the State, for the death of Mathews, caused by the derailment of the train of plaintiff in error upon which Mathews was a passenger.

The record presents the same questions which were presented and passed on in the case of the plaintiff in error herein against *Zernecke, Administratrix,* No. 58 of this term, just decided. As in the latter case the ground of action in the case at bar was negligence in the railroad company and its servants.   The answer of the company denied negligence, and alleged that the derailment was caused by some person or persons unknown to the company, and not in its employment or under its control, who willfully, maliciously and feloniously removed and displaced from the track certain spikes, nuts, angle-bars, fishplates, bolts and rails, and otherwise tore up and destroyed the track.

The company also alleged care in the maintenance of its track and the management of its train.

The petition alleged that the plaintiff in error "was a corporation, duly incorporated under the laws of the State of Nebraska," and the admission of the answer was that defendant in error, "at all times mentioned in said petition, was a corporation organized and existing under and by virtue of the laws of the States of Illinois and Iowa, and a domestic corporation of the State of Nebraska."

The case was tried before a jury. The evidence of defendant in error (petitioner) was that at the time Mathews was killed he was being transported as a passenger over the railway of plaintiff in error, and that the train upon which he was riding was thrown from the track, resulting in his death and the death of ten other persons. The plaintiff in error then offered witnesses and depositions to sustain the allegations of its answer. The testimony, upon the objection of defendant in error, was rejected, and at the close of the evidence, on motion of defendant in error, the court instructed the jury as follows:

"The jury is instructed that if you find from the evidence that John R. Mathews was a passenger, being carried on the train of the defendant railway company that was derailed and wrecked near Lincoln, Nebraska, on August 9, 1894, thereby causing the death of said Mathews, and that plaintiff is the administrator of the estate of said Mathews, then you should find for the plaintiff if you find a pecuniary loss from such death has resulted to the next of kin, in this case the father."

The jury returned a verdict for defendant in error for $1500, upon which judgment was entered. The judgment was affirmed by the Supreme Court of the State, upon the decision in *Chicago, Rock Island & Pacific Railway Company* v. *Zernecke, Administratrix*, 59 Neb. 689, and this writ of error was then allowed.

The facts, contentions and questions being the same as those presented in the *Zernecke* case, *supra*, for the reasons stated in the opinion in that case the judgment is

*Affirmed.*